## BREWER v. THE STATE.

Where the defendant was convicted of gaming, and moved the Court for a new trial on the ground that two of the jurors were not sworn, and filed affidavits in support of the motion, and the Court refused to hear the affidavits and overruled the motion, held there was no error.

Appeal from Harrison.  The appellant was found guilty upon an indictment for gaming, and moved the Court to grant him a new trial, on the ground that some of the jurors who found the verdict were not sworn.  Two of the jurors and two other persons were proposed to testify in support of the application.  The Court refused to hear the application and overruled the motion, and the defendant appealed.

*Henderson & Jones*, for appellant.  It is stated in the case of Arthur v. The State, 3 Tex. R. 405, that " it is clear that " the finding of a jury, not under oath, cannot constitute a le-

"gal verdict upon which the Court can proceed to give judg-"ment." And if only a part of the jury is sworn, and the rest not sworn, then is not the jury sworn; for a part can never constitute a whole. And if the law be as it is expressed in Arthur v. The State to be so clear, then ought the person arraigned to be allowed to show that the jury were not sworn. Otherwise you mock him by saying, that it is true that the verdict of a jury, not under oath, cannot constitute a ground on which the Court can give judgment.

But it may be said that the entry of the judgment recites that the jury "were tried, impannelled and sworn," and that the record cannot be contradicted. But every one knows that this is a form habitually entered by the Clerk, without any positive conviction of its truth whatever; and it would be unjust and unreasonable, in a criminal case, that a person should be concluded by it, from showing the contrary.

But suppose that the motion for the new trial, and the testimony, should be made and offered, before the Clerk makes up the entry of the judgment, would the Court refuse to entertain the motion then, and to hear the testimony? Not on the ground that the record recites the contrary, certainly. And if not on that ground, then on no other, for if the jury were not sworn as is alleged, there has been no legal trial, and there is no basis on which a judgment can be rendered. Then suppose further, which is the case before the Court, that both the motion and the testimony were made and offered after the record of the judgment had been entered up, yet in the time allowed by law to make the motion; shall the motion and the testimony then be refused to be heard? Shall the person then be told, that although he has filed his motion within the time prescribed by law, although he is allowed the length of time in which to present his application, and he is in no default, and, what is more, although the fact may be as he states, that there has been no legal trial and conviction of him; yet he cannot be heard, nor allowed to show the illegality of his conviction, because the Clerk of the Court has, as his habit is, made

an entry of the judgment in the usual form, which recites the contrary of the fact alleged in the motion, and of the fact as it really exists? And why shall this unreasonable, this hard and oppressive determination be had?

But again, during the Term of the Court at which the entry was made, the record is within the control of the Court, and it is the positive duty of the Court to have the record made up according to the facts. Is his affixing his signature to the records, to be a mere manual act, to be done without any consideration or reflection? Had the statute no end in view in requiring the Judge to read the records, and none in requiring him to affix his signature to them? Or was it the object of the statute in requiring the Judge to read the records and sign them, that he should see that they were correct, and being assured of this, that he should add his testimony to their verity by affixing to them his signature? Surely this must have been the purpose of the law. Then to perform this duty he must be allowed to inquire into the truth of the entries, and necessarily he cannot be estopped from doing so by the entries themselves.


*Attorney General*, for appellee. But it may be asked, why ought the Judge to have refused to hear affidavits to prove that some of the jurors were not sworn? Simply because he was satisfied of the truth of the record, on that point, by his own observation of a matter of which it was his especial duty to take notice, and for which he was responsible to the full value of his office and his character. He alone was responsible on this point, and he alone, *ex necessitate*, had the power to determine as to it, upon his own view, or upon much or little evidence as he might doubt, or have a certain conviction of the truth. In this respect, at least, a District Judge is the sole arbiter of the truth of the record, and as he makes it up, it must stand, and its foundations can, compulsorily, be reexamined (in a legal point of view) only upon his impeachment. It is true, it would be within his discretion at the Term

of the trial, to hear testimony upon such a point as this, and if he were convinced the record did not speak the truth, to correct it ; but if he is already satisfied of its verity, then he has the power and the right to compel the inquiry to stop.

But suppose, after hearing the offered statements of the impeaching witnesses, the Judge had remained satisfied of the truth of his record, as he did after knowing what they would state, and all this should be certified to this Court in a bill of exceptions, what must be the result here ? Could this Court determine a matter of disputed fact in the District Court? Suppose the record of a District Court should announce a fact to be or to have taken place there, (especially when making an affirmative assertion,) and the affidavits of a thousand persons should be certified up importing a negation of it, could this Court try and decide the dispute, or must it not rather from legal necessity put implicit faith in the record ? This Court has no jurisdiction to try the existence of disputed facts in the District Court, but only to revise the action of those Courts upon admitted or established facts. Every Court is the maker and guardian of its own records, and its conclusions as to the existence of facts occurring in Court when duly entered in its records, are not examinable in regard to their verity in any other Court, whether higher or lower, at law or in equity. (Authorities submitted to this Court in the case of Chabert v. Garrett & Burns, by appellant's counsel; 3 Stephen's Commentaries, 383.)

WHEELER, J. It is reasonable to suppose that the Judge who presided at the trial, was quite as competent to decide whether the jury were sworn, as the persons whose testimony was proposed touching that question. We must presume that the fact, that the jury were sworn, was within the knowledge of the presiding Judge ; and he might well refuse to hear the testimony of witnesses offered to contradict the evidence of his senses. The judgment is affirmed.

Judgment affirmed.