## W. F. LAIRD v. JAMES WINTERS.

*Held*, under the circumstances of this case, that a claimant of land who has been turned out of his possession by a writ issuing by virtue of a decree to which he was in no sense a party, can recover his possession by an action of forcible entry and detainer. Such person ought not to be driven to an action in which the title to the property may be called in question, nor even to a motion in the court from which the writ issued.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This was an action of forcible entry and detainer brought by the appellee, before a justice of the peace of Lavaca county, on the 9th of March, 1857, to recover from the appellant the possession of three hundred acres of land.

Judgment being rendered in the Justice's Court against the defendant, he removed the cause to the District Court by *certiorari*, in his petition for which he alleged that, on the trial before the justice of the peace, he offered in evidence a transcript of a decree of the District Court of Gonzales county, and a writ of possession issued therefrom, by virtue of which he, the defendant, having purchased the land under the decree, had been placed in its possession by the sheriff of Lavaca county; but that the justice of the peace had excluded the evidence so offered. The petition recited the decree, and alleged that Winters, the plaintiff, had no title to the land.

The decree was rendered at the Fall Term, 1856, of the District Court of Gonzales county, in a suit for partition brought by G. F. and S. E. Henry against the heirs of Barney Randle, to which suit the plaintiff, Winters, was not in any way a party.

The plaintiff moved to dismiss the *certiorari* on account of the alleged insufficiency of the petition of defendant, and by way of answer to the petition pleaded that he, the plaintiff, had held peaceable and adverse possession of the land for more than five years next previous to his ejection by the defendant, under a title bond executed to him on the 10th of May, 1852, by G. F. Henry,

Laird v. Winters.

and his wife, acknowledged in November, 1853, and recorded in Gonzales county (wherein the land formerly lay,) in June, 1854. By this bond it appeared that the plaintiff had paid Henry and wife more than a third of the purchase money for the land.

This cause came to trial in the District Court at the Fall Term, 1859, when it was proved that one Dismuke and a number of other persons, all tenants of Winters, were in possession of the land in controversy at the time, November 26th, 1856, that Laird was placed in possession by the sheriff of Lavaca county. All the tenants attorned to Laird as their landlord, at the time the sheriff executed the writ of possession, except Dismuke, who occupied only twenty-five or thirty acres of the tract. The plaintiff proved possession for more than five years.

The court charged the jury to the effect that there was no question of title before them; that the only question was whether the defendant, or the sheriff by his direction, had used force in putting Dismuke, the plaintiffs' tenant, out of possession, and in putting the defendant in possession; and that if force had been employed, the verdict should be for the plaintiff, otherwise for the defendant.

The court declined to instruct the jury, upon the request of the defendant, that if they believed from the evidence that all the other persons on the land acknowledged the right of Laird as their landlord, and should further believe that force was used by Laird in gaining possession of the place where Dismuke lived, then the jury should confine their finding to the premises where Dismuke lived. To the refusal of this instruction the defendant excepted, and assigns it for error.

Verdict for the plaintiff, and judgment awarding him restitutution of the land. Motion of defendant for a new trial overruled.

*A. N. Mills*, for the appellant.

*John H. Robson*, for the appellee.

BELL, J.—We are of opinion that the decree rendered by the

District Court of Gonzales county at the Fall Term, A. D. 1856, in the suit by G. F. and S. E. Henry against the heirs of Barney Randle, in so far as the said decree orders the sheriff to place the purchaser at the commissioner's sale in possession of the tracts of land purchased by them respectively, could have no effect upon the rights of any person who was not a party to said decree, and did not, therefore, authorize the sheriff to execute the writ of possession in such manner as to turn out of possession any one not a party to the decree. The general subject of the manner in which writs of possession ought to be executed, and the remedies to which parties who are injured by their improper execution are entitled, is one of much interest, and not altogether free from difficulties; and we do not wish to be understood as going any further than to say, that in a case like the present a person who has been turned out of his possession by a writ issuing by virtue of a decree to which he was in no sense a party, may proceed by action of forcible entry and detainer to recover the possession, and ought not to be driven to an action in which the title may be called in question, nor even to a motion in the District Court from which the writ issued, to be restored to his possession.

The judgment of the court below is affirmed.

Judgment affirmed.