[Opinion delivered May 10, 1880.]

---

ADAM BRADFORD v. FELIX MANN.

(Case No. 3584.)

1. PETITION — CURED BY VERDICT.—That the sale of a stock of cattle was for a valuable consideration, without stating the price in dollars, is a sufficient allegation to admit proof; if the defendant needs a more specific allegation of the amount, he should except to the sufficiency of the petition, and if he fails to do so, his objection, if the petition could be held defective on that account, will be considered waived, and is cured by verdict. De Witt v. Miller, 9 Tex., 245; Ch. Pl., 712.

2. STATEMENT OF FACTS — CHARGE OF THE COURT.— Where there is no statement of facts in the record, or bill of exceptions, it will, on appeal, be presumed such a state of facts was proven as justified the charge. Cannovan v. Thompson, 12 Tex., 248.

VOL. I — 15

3. VERDICT — INTEREST — DAMAGES.— In the absence of a statement of facts, where damages are alleged for fraudulent representations, entitling plaintiff to recover, though no interest is claimed in the petition, it will be presumed that the necessary proof was made, and the verdict of the jury calling for interest, when damages is meant, or when interest is given as damages, is not cause for the reversal of the judgment.  Close v. Fields, 13 Tex., 627; Calvit v. McFadden, id., 325; Fowler v. Davenport, 21 Tex., 634; Anderson v. Duffield, 8 Tex., 287.

ERROR from Menard.  Trial below before the Hon. W. A. Blackburn.

This suit was instituted by Mann against Bradford for recovery of damages alleged to have been sustained by him by reason of the wilful misrepresentations of Bradford in relation to a stock of cattle sold to Mann by Bradford. The damages are laid at $1,896.  The petition alleges that on the 7th day of May, 1874, for a valuable consideration, namely, for the sum of —— dollars in coin, defendant sold to plaintiff all the stock of cattle and all claims arising therefrom as specified in the bill of sale, known as the "Bradford stock." That Bradford represented to him that the "stock had very valuable claims against responsible persons for cattle to be accounted for (especially against one Gholson), amounting to more than one hundred head and more than seventy beeves, worth $14 per head, who was still indebted therefor; that he believed those representations to be true, and was influenced thereby to pay defendant a large price for the claims and cattle; that these representations were untrue, and that Bradford knew it.  That the claim against Gholson for cattle was in truth but for seven head of beeves, and seventeen head of other cattle of said stock, and that thereby he sustained an actual loss of $896, and other damage $1,000, for which he prays judgment.

Defendant answered, admitting that he sold the plaintiff the Bradford stock and delivered him a bill of the sale, but denying that he made any representations to him respecting the claims, alleging that plaintiff knew the value of the claims as well as he did, etc.

The cause was submitted to a jury, who returned a verdict

for plaintiff for $896 in coin, and $131.47 interest and costs, and judgment was accordingly rendered for $1,027.41.

The case is brought here by writ of error, and it is assigned for error:

1. That the court erred in permitting judgment to be entered in this case, because the petition sets up a *nudum pactum;* —— dollars being no consideration for any contract.

2. The court erred in overruling defendant's motion for a new trial for reasons set forth in the motion, viz., the written agreement of the attorneys to continue the case.

3. The court erred in instructing the jury that they could find for the plaintiff upon a certain supposed conjunction of circumstances, because the pleadings do not warrant such a supposition.

4. There is nothing in the record to support the verdict or the judgment of the court.

*Portis & Robinson* and *Bethel Coopwood,* for plaintiff in error.

*Jas. II. Burts* and *A. O. Cooley,* for defendant in error.

QUINAN, J.— I. The plaintiff in error insists that in consequence of the omission to state the sum of money paid by Mann to Bradford for the stock of cattle, in the petition, it does not disclose a consideration for the sale; that it was therefore a *nudum pactum,* " which cannot inflict an injury capable of legal redress."

The petition does allege that the sale was for a valuable consideration in coin, and this, we think, was sufficient. If the defendant needed a more specific allegation of the amount, he should have excepted to the sufficiency of the petition, and not having done so, this objection, if the petition could be held defective on that account, must be considered waived, and is cured by verdict. DeWitt *v.* Miller, 9 Tex., 245; Ch. Pl., 712.

II. The second assignment of error is not sustained by the record. It does not appear that there was any application for a continuance made, and there is no order overruling a motion for a new trial.

III. The third assignment cannot be sustained. There is in the record no statement of facts or bill of exceptions. We must presume that such a state of facts was proven as justified the charge given. Cannovan v. Thompson, 12 Tex., 248. And the assignment is altogether vague and indefinite.

IV. The fourth assignment, so far as it relates to the supposed defective statement of the consideration in the petition, need not be further noticed. And the allegations of the petition we think were sufficient to support the verdict and judgment of the court. The petition set up a transfer for a valuable consideration of the Bradford stock and the claims belonging to it with it, and especially one for over one hundred head of cattle and seventy beeves, worth $14 a head, against Gholson; that Bradford so wilfully misrepresented the fact to be; that relying upon this representation Mann purchased, and paid a large price for the stock; that the claim against Gholson turned out to be one for only seven beeves and seventeen head of cattle, and that he suffered a loss of sixty-four head of beeves of the value of $896, and damages $1,000.

The verdict of the jury was for $896 and $131.41 interest. The judgment rendered is for $1,027.41.

The plaintiff alleged damages, and would upon proof of the delinquency or fraudulent representations of defendant be entitled to recover them, and we must assume that the necessary proof was made. Though there was no claim for interest *eo nomine* in the petition, yet the verdict of the jury calling for interest, when damages was meant, or when interest was given as damages, is no cause for the reversal of the judgment. And the allowance of interest does not seem to have been an improper mode of computing damages in the circumstances of this case. Close v. Fields, 13 Tex., 627; Fowler v. Davenport, 21 Tex., 634; Anderson v. Duffield, 8 Tex., 237; Calvit v. McFadden, 13 Tex., 325.

We are of opinion that there is no error in the judgment, and that it ought to be affirmed, and so award.

AFFIRMED.