JOHN TARLTON V. DANIEL DAILY.

(Case No. 2733.)

1. PLEADING — PRACTICE IN SUPREME COURT.— Though it has been held that a statement of facts is not necessary to invoke the action of the supreme court, when there is a bill of exceptions which shows that competent evidence was excluded by the court below, yet this rule will not apply unless the relevancy and materiality of the excluded testimony is apparent from the pleadings.

2. PLEADING — PRACTICE.— When an answer is so defective in a suit brought on a promissory note, the execution of which is not controverted, that it cannot furnish a basis for a verdict or judgment for the defendant, the exclusion of testimony offered by defendant, even if erroneous, had the pleading authorized its introduction, cannot be considered on appeal.

APPEAL from Ellis. Tried below before the Hon. H. Barksdale.

Suit brought by Daniel Daily in 1874, as assignee of a promissory note payable to the order of M. H. Oliver, made by John Tarlton, for the sum of $500. The consideration was the conveyance of certain lots in Ellis county, in the town of Waxahatchie, by Oliver to Tarlton, and which was recited in the face of the note. The note was dated December 22, 1873, and payable on the 15th of January, 1874. The plaintiff alleged that he became the owner of the note, for a valuable consideration, by assignment and delivery from Oliver on " to wit, the —— day of January, 1874." The petition referred to it as filed, as an exhibit, and made a part thereof. The record shows it as such, corresponding with the above description given of it, and following the copy of the note, as part of the exhibit, is the assignment, as follows:

" I hereby transfer to Daniel Daily the within note for value received. This January 29, 1874.

"M. H. OLIVER."

The petition prayed for judgment for the amount of the note and interest, and for a decree to enforce the vendor's lien upon the lots.

The defendant pleaded specially, setting up as a defense that on the 6th day of October, 1873, one G. W. Vaughan recovered a judgment against M. H. Oliver, the payee of the note sued on, for the sum of $68.75 gold, before a justice of the peace for Ellis county, which he alleged was still in force, and a lien upon the property for which the note was given. That therefore the deed made to him by Oliver did not convey to him a good and perfect title. That Oliver had not property subject to execution out of which to respond to defendant in damages, in case said judgment and lien should be enforced against said property. Defendant further alleged that the note sued on was transferred to plaintiff after its maturity; where-

fore the plaintiff held the same subject to defendant's equities.

On the trial the court refused to allow the defendant to introduce any evidence that there had been a judgment recovered in the justice's court against Oliver, and that the note was transferred to plaintiff after its maturity, because the judgment had been appealed from to the district court, and stood for trial in the district court, to which defendant excepted. Verdict and judgment for the plaintiff, according to the prayer of the petition.

The defendant, on his appeal to the supreme court from that judgment, assigned as error: 1st. The refusal of the court to allow any evidence going to show that there was a judgment in the justice's court against M. H. Oliver in favor of Geo. W. Vaughan. 2d. The overruling of defendant's motion for a new trial.

*Nash & Kemble*, for appellant.

*J. W. Ferris*, for appellee.

WALKER, P. J. COM. APP.— The error complained of, if it be held that the evidence offered by the defendant was admissible under proper pleadings, was, as the rulings of the court is applied to this case, but abstract error, which would not require the reversal of the judgment. The defense set up by the defendant did not contain allegations of facts sufficient to support a judgment founded upon it. Facts not alleged, although proven, cannot form the basis of a decree. Hall *v.* Jackson, 3 Tex., 309. The defense will be confined to the matters alleged in the answer. The *probata* must conform to the *allegata.* Keeble *v.* Black, 4 Tex., 71. See also Mims *v.* Mitchell, 1 Tex., 443. Proof without such *allegata* should be disregarded. Paul *v.* Perez, 7 Tex., 345.

The defendant relied as a defense upon the existence of an incumbrance upon the land to the value of one hun-

dred dollars at the time of his purchase, and the inability
of his vendor to respond to him in damages in case the
lien which thus incumbered it should be foreclosed.
These facts, of themselves, are insignificant as a bar to
the plaintiff's right to recover on the note sued on.

The facts thus alleged imply that the defendant, at the
time of his purchase, was chargeable with constructive
notice of the existence of the lien of the judgment in the
justice's court; for there could not exist such a lien unless
the judgment creating it were duly registered, and a
certified copy thereof recorded in the office of the district
clerk of the county where the judgment was rendered.
Pasch. Dig., art. 6342. The defendant purchased, accord-
ing to legitimate inferences to be drawn from the facts
alleged by him, with the records of the county informing
him of the existence of the judgment lien referred to; and
if he was in fact ignorant thereof, and indeed had no notice
or knowledge of such lien, he does not in his answer so
state. He does not pretend, or intimate in his answer,
that his vendor was guilty of any fraud or misrepresenta-
tion, or in any wise improperly superinduced his want of
knowledge, if he was, in fact, ignorant concerning the
lien in question.

Where the vendee gives his note for the purchase
money, and takes a deed with general warranty, and
there is no fraud on the part of the vendor, nor igno-
rance on the part of the vendee as to a defect in the title,
the vendee cannot successfully resist the payment of the
note for the purchase money, unless he has been evicted.
Proof of a paramount title outstanding in a third person
is no defense. Brock v. Southwick, 10 Tex., 68. And
where the defense is that the vendor had previously sold
part of the same property to another person, the plea
should state distinctly what part of the property was so
sold, and to whom sold, and, it would seem, whether such
prior sale had been recorded. Woodward v. Rogers, 20

Tex., 178. The same principle is also applied to a defense set up, under similar circumstances, alleging that a suit has been commenced against the defendant for a part of the land by a third person; the plea is bad without averring that such person had a superior title. Portson *v.* Caldwell, 17 Tex., 628; Perry *v.* Rice, 10 Tex., 373. A vendee who resists the payment of the purchase money on the ground that the vendor has failed to convey according to agreement, should aver such facts as show the vendor to be in default. Perry *v.* Rice, *supra.*

It is plain that the defense set up failed to meet the requirements of the principles and rules of law which are laid down by our supreme court as governing the defense of a partial failure of consideration in a purchase-money note given for land which has been conveyed to the maker of it. It follows from this proposition, that as the answer did not furnish a basis for any verdict or judgment in favor of the defendant, no injury could have resulted to him from the supposed error in excluding the evidence. There is no statement of facts in the record, and it is not wholly free from doubt, that, for that reason alone, this court should not review the correctness of the ruling complained of. It is true that the rule of practice, under which the appellate courts decline to review errors in the exclusion of testimony, for this reason, has its exceptions. See Galbreath *v.* Templeton, 20 Tex., 46; Dalby *v.* Booth, 16 Tex., 56; Armstrong *v.* Nixon, 16 Tex., 615. Nevertheless, upon the facts of this case, it may be questioned whether the appellants may confidently claim to bring this case clearly within those exceptions. See Smith *v.* Garza, 15 Tex., 158. It is not foreign to reasonable conjecture that a statement of the facts adduced in evidence would show that the excluded testimony, if it had been admitted, would not have changed the result. But, giving the defendant "the benefit of the doubt," under the rule laid down in Fox *v.*

Sturm, 21 Tex., 407, that, "when a bill of exceptions discloses *facts enough* to show that competent testimony has been excluded by the court, it is sufficient for the action of the courts, without a statement of facts," still we find that the spirit of the rule, and the reason on which the exceptions rest, require the conclusion that the revision will not be made unless the relevancy and materiality of the testimony is shown by the pleadings. Fox *v.* Sturm, *supra.*

We conclude, therefore, under the pleadings of the defendant, that it is not important to determine whether the court erred in its opinion or not, in excluding the testimony for the reason which was assigned by the judge; and that the error, if such it was, was merely abstract, and was one of which the defendant cannot complain as being to his injury.

We are of the opinion that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered April 25, 1881.]