## L. J. LOCKETT ET AL. v. LOUISA SCHURENBERG.

(Case No. 1644.)

1. STATEMENT OF FACTS.— The rule again announced that a statement of facts made up and filed after the adjournment of the term will not be recognized on appeal, when the transcript shows no order made during the term allowing this to be done.

2. BILLS OF EXCEPTION.— Bills of exception must be signed and filed during the term; and though, under rule 56, exceptions to evidence may be embraced in a statement of facts in connection with the evidence admitted, such exceptions will be disregarded, unless the statement of facts containing them be properly made out and filed during the term, and presented to the judge within ten days after the trial.

3. PRACTICE.— In the absence of a statement of facts, the supreme court refused to revise the ruling of the district court in excluding a map offered, when the question was one of boundary, though exceptions thereto were properly taken and filed during the term. On this question the cases of Harvey v. Hill, 7 Tex., 591; Webb v. Maxan, 11 Tex., 679; King v. Gray, 17 Tex., 62; Galbreath v. Templeton, 20 Tex., 46; Sublett v. Kerr, 12 Tex., 367, and Dalby v. Booth, 16 Tex., 563, were reviewed. Even if it was error to exclude the map, it could not be known, in the absence of a statement of facts, whether it was such an error as prejudiced the rights of the party offering it.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The case is stated in the opinion.

*C. C. Garrett* and *Sayles & Bassett*, for appellants, filed an exhaustive brief, covering the various assignments of error. Their citations of authority, in view of the points on which the following opinion was based, are omitted.

STAYTON, ASSOCIATE JUSTICE.— The first, second and fourth assignments of error relate to the giving and refusing to give charges. These assignments cannot be considered in the absence of a statement of facts. Flanagan v. Ward, 12 Tex., 209; Cannovan v. Thompson, 12 Tex., 248; McMahan v. Rice, 16 Tex., 339; Hutchins v. Wade, 20 Tex., 9; Fulgham v. Bendy, 23 Tex., 64; Birge v. Wanhop, 23 Tex., 441; Smith v. Tucker, 25 Tex., 594; Frost v. Frost, 45 Tex., 325; Ross v. McGowen, 58 Tex., 603.

This cause was tried at a term of the district court for Washington county which ended on the 28th day of April, 1883, and the statement, which purports to be a statement of facts, which was made up by the judge who tried the cause, counsel having failed to agree, was not signed by him until the 7th of May following. It is

not clear from the transcript when it was filed, but no order of the court appears in the transcript giving time after the adjournment within which to file a statement of facts.

It has been more than once decided, that, unless such order appears in the transcript, a statement of facts filed after the term will not be recognized. McGuire v. Newbill, 58 Tex., 314; Ross v. McGowen, 58 Tex., 603; T. & P. R'y Co. v. McAllister, 59 Tex., 362; Trewitt v. Blundell, 59 Tex., 253.

A part of the third assignment of error also relates to the refusing of the court to give a charge asked by the appellant. This, for the reasons before indicated, cannot be considered.

The residue of the third assignment of error relates to the action of the court in permitting certain testimony to be introduced over the objection of the appellant. No bill of exception was taken to this action of the court during the term, and it only appears that the evidence was objected to, by notice of the objection and the grounds thereof set out in the paper which purports to be a statement of facts, which, as before said, was not filed until after the term.

The statute provides that: "It shall be the duty of the party taking any bill of exceptions to reduce the same to writing, and present the same to the judge for his allowance and signature during the term, and within ten days after the conclusion of the trial." R. S., 1363.

"It shall be the duty of the judge to submit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay and filed with the clerk during the term." R. S., 1364.

Rule 60 for the district courts declares that bills of exceptions must be made out and signed during the term. The statutes and rules evidently contemplate that bills of exception must be signed and filed during the term, and while, under rule 56, exceptions to evidence admitted over objection may be embraced in a statement of facts in connection with the evidence, yet, unless such statement is signed and filed within the term, exceptions attempted to be thus preserved cannot be recognized; and it would seem that when bills of exception are thus taken the statement of facts containing them should also be presented to the judge within ten days after the conclusion of the trial. S. & E. T. R'y Co. v. Joachimi, 58 Tex., 454; Blum v. Schram & Co., 58 Tex., 528; T. & P. R'y Co. v. McAllister, 59 Tex., 362; Farrar v. Bates, 55 Tex., 197.

The seventh assignment of error is to the effect that the court

erred in excluding a map of the city of Brenham, which was offered
in connection with the evidence of a witness, for the purpose of
showing the true locality and size of the two lots for the recovery
of which this suit was brought. The action was, in form, trespass
to try title, but the real question seems to have been one of bound-
ary, the parties owning contiguous property.

The defenses were plea of not guilty and the statutes of limita-
tion of three, five and ten years.

To the ruling of the court excluding the map, which, under the
order of the court, is sent up with the record, a bill of exceptions
was properly taken and filed, and it contains the following state-
ments:

" On the trial the plaintiffs offered in evidence the map on file in
this cause and attached to the deposition of O. H. P. Garrett, pur-
porting to be a map of the original town of Brenham, and in con-
nection therewith the testimony of said Garrett, as follows: 'I am
by profession a surveyor; the map offered in evidence is a map of
the original town plot of Brenham. The town of Brenham was laid
off by me in the year 1844. The map offered in evidence is not the
original map as made by me. I do not know where the original is.
It was delivered by me to the town commissioners and by them
filed in the county clerk's office, where I last saw it. It is not now
in the county clerk's office, that I can find, and has not been there
for a good many years. I have looked for it often. The map
offered in evidence is a copy protracted from the original map by
Mr. Parker, who was my deputy when I was county surveyor. I
needed one and Mr. Parker made it. It was made between us in
the office, and I may say I saw some of the lines drawn. This map
has been in use since 1850. (The trial took place in the spring of
1883.) All the town maps now in existence have been protracted
from it. I think the map is a correct copy from the original, from
my recollection as I ran off the town. It will assist me in fixing the
location and size of the lots originally laid off.'

" On cross-examination the witness stated that Parker made the
map. 'He and I both used it. I am certain that I saw him at
work on it. The map went into Parker's custody when he was
elected county surveyor, and came again into my possession on my
re-election at his death. It was in his desk at McIntyre's, where he
boarded, and was turned over to me with other papers by McIntyre,
who had the key to the desk, and had been also a sort of deputy
surveyor. I was familiar with the map when it was turned over to
me by McIntyre. Having laid off the town, I think the map is a

copy of the original map. I have never had occasion to test the accuracy of the lines as drawn by measurement. But the plot is correct. The map offered shows a street through the Ewing property, which may have been a mistake.'

"On re-examination the witness stated: 'We used the map before and after the death of Parker. To test the map would be to resurvey the town. According to my best recollection, this is a true copy of the original map.'

"It was admitted by the defendants that the original map referred to was not to be found in the county clerk's office or elsewhere, and that it was lost or destroyed.

"The court asked the witness if he had compared the map offered with the original, to which he answered he had not after it was made, so far as he could remember.

"The defendant objected to the introduction of the map in evidence, on the ground that it was not shown to be a true copy of the original. The objection was sustained, and the map was excluded."

In the condition of the record as presented, it becomes necessary to inquire whether the action of the court in excluding the map can be revised; and with a view to the determination of that question a review of the most important and direct cases upon the subject will be made.

In Harvey v. Hill, 7 Tex., 591, it was held in a suit by a husband, as the administrator of his wife's estate, to recover land from their vendee which they had together conveyed to him, that this court would revise the ruling of the court below in excluding the deed by which the husband and wife had conveyed the land to the defendant, although the matter was presented by bill of exceptions, there being no statement of facts in the case.

In Webb v. Maxan, 11 Tex., 679, the bill of exceptions, in connection with the pleadings, which seem to have been admitted facts, was held sufficiently to present the case to authorize its revision without a statement of facts.

In King v. Gray, 17 Tex., 62, it was held that, while proper practice required a statement of so much of the facts in a bill of exception as would show the materiality and admissibility of evidence, yet that, when the evidence of the witness not excluded appeared in a statement of facts, and the part excluded appeared in the bill of exceptions, the ruling of the court in excluding evidence would be revised.

In Galbreath v. Templeton, 20 Tex., 46, it was held that, where a deed which, from the pleadings, appeared to be the foundation of

the defendant's right, was excluded on the trial, the action of the court in this respect would be revised on bill of exceptions, in the absence of a statement of facts, the bill showing that the deed was admissible.

In Sublett v. Kerr, 12 Tex., 367, the instrument excluded was the foundation of the action, and its exclusion was revised upon bill of exception without statement of facts.

In Dalby v. Booth, 16 Tex., 563, the evidence excluded was conclusive against the right of the plaintiff to recover, and the ruling was revised on bill of exception alone.

Fox v. Sturm, 21 Tex., 407, holds that exclusion of evidence will be revised on bill of exception when it discloses facts enough to show that the court excluded testimony, the relevancy and materiality of which appeared from the pleadings.

All of these were cases in which by the bill of exceptions and the pleadings it was shown that the evidence excluded was admissible and material.

The rule is thus stated in McCarty v. Wood, 42 Tex., 39: "The other objections to the judgment are all obviated by the omission to bring up in the transcript of the record a statement of facts. They are embraced in bills of exception taken to the ruling of the court in admitting and excluding evidence over objections of defendant below. The general rule is, that any party desiring such rulings to be reviewed should bring up a statement of facts, so that it could be seen that he was thereby prejudiced in his cause by any error committed by the court in such ruling. Where the court below erroneously excludes the evidence which constitutes the foundation of the action or the defense, under such circumstances that it cannot be reasonably expected that it can be supplied by other evidence, then this court might be enabled to see, by reference to the pleadings in the cause, that the party had suffered an injury, even in the absence of a statement of facts. . . . . It (the evidence) may have been merely cumulative or ancillary to the main facts in proof, to such an extent only as that it could not be reasonably supposed to have influenced the verdict of the jury. To reverse the judgment, in the absence of a statement of facts, on such grounds, this court should ordinarily be able to see, not only that the court had erred, but that such error must, with reasonable certainty, have produced a substantial injury to the party in his cause. An abstract error upon a point of law applicable to the evidence is not enough. It should appear manifestly to have been a wrongful error in reference to the cause of action or defense."

This case, we believe, states the correct rule, which is in accordance with the following cases: Fulgham *v.* Bendy, 23 Tex., 64; Blackwell *v.* Patton, 23 Tex., 674; Hutchins *v.* Wade, 20 Tex., 9; Cottrell *v.* Teagarden, 25 Tex., 319; Thompson *v.* Callison, 27 Tex., 439; Jones *v.* Cavasos, 29 Tex., 432; Tarlton *v.* Daily, 55 Tex., 97.

Under the rule stated in these cases, we are of the opinion, in the absence of a statement of the facts proved, that we cannot revise the ruling of the court below in excluding the map.

The map, which was sent up, shows that a block of land apparently square was laid out in lots of different sizes, the square for the court-house being in the center. On each side of this square, or plaza, were three tiers of lots, which increased in size as they were the more distant from the plaza. The lots claimed by the appellants are in one of the outer tiers, and beyond these tiers of lots are larger lots, not separated from them by a street, a part of one of which, contiguous to the lots claimed by the appellants, is claimed by the appellees.

It is assumed that the evidence shows that the four lots situated in the several corners of the square block laid off as before stated are one hundred feet square, and that it follows from this, as the map shows that each tier of lots is within parallel lines, that the lots claimed by appellants are one hundred feet long, and that therefore the map is conclusive of the question.

If it were an admitted fact that the appellants were entitled to recover, if the lots which they claim are one hundred feet long, and it was further admitted that the corner lots were one hundred feet square, there would be much force in the proposition as to the weight to which the map would be entitled were it admitted; but as we cannot consider the statement sent up as a statement of facts, we have no evidence that the appellants would be entitled to recover, even if their lots are one hundred feet long, nor have we any evidence that the corner lots, from the sides of which the parallel lines that would inclose the lots claimed by the appellants, are one hundred feet square. The map, as copied from the original map, does not show the size of any of the lots within the square block, they being designated thereon only by number.

If the sizes of the lots were given on the map, this of itself could not fix the true locality of any particular lot, but resort would have to be made to other evidence even then; hence the map might be of but little value in determining the true line between the lots of the respective parties.

As presented, we cannot say, if the map had been admitted, that it would probably have changed the result.

So far as we can legally know, other evidence may have been offered which rendered the map of no value at all, or such as supplied fully its place. If error to exclude the map, it is not shown that it was such error as prejudiced any right of the appellants, and, under the rule announced in the cases cited, we are of the opinion that the appellants are not entitled to a revision of the ruling in this respect.

The other defenses than those which arose upon the question of the true locality of the lots claimed by the appellants may have been, so far as we can know, decisive of the rights of the parties, and locality a question of no real importance in the case. The charge of the court evidences the fact that several defenses were submitted, among which were the statutes of limitation and the fixing of boundary by acquiescence of the owners of the respective properties for a long period.

These matters are referred to simply for the purpose of illustrating the necessity for a party who claims that he has been injured by the exclusion of evidence, to bring before the court a statement of the facts, that it may be seen whether his complaint is well founded.

The other matters assigned as error are only such as would be important were the judgment reversed and the cause remanded, and they need not be considered.

There being no error apparent for which the judgment should be reversed, it is affirmed.

AFFIRMED.

[Opinion delivered January 22, 1884.]