LIZZIE ENDICK v. CHARLES ENDICK.

(Case No. 4976.)

1. CHARGE OF COURT — PRACTICE.— One who does not regard the charge of the court as sufficiently full should call attention to the fact by presenting and asking a charge supplying the supposed defect; failing to do this, he cannot urge the defect for the first time on appeal.

2. BILL OF EXCEPTIONS.— When a bill of exceptions fails to state the objection to the introduction of evidence admitted on the trial of a cause, it cannot be specified for the first time on appeal.

3. DIVORCE — EVIDENCE.— The record showing a conviction of the husband, on his plea of guilty, to a charge of having assaulted the wife, cannot be used in evidence in a divorce suit by the wife against the husband. It is excluded by art. 2863, Revised Statutes.

APPEAL from Callahan.　Tried below before the Hon. T. B. Wheeler

*J. E. Thomas*, for appellant.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— This is an action for divorce, based on many averments of cruelty exercised by the husband towards the wife.　There is no statement of facts contained in the transcript, and the errors assigned relate to the exclusion of evidence offered and to supposed defects in the charge of the court.

Under a long line of decisions, the rule has been fixed that, in the absence of a statement of facts, the correctness of charges given will not be considered, unless, under no facts which might have been proved under the pleadings, could the charge have been correct. Pfeuffer *v.* Maltby, 54 Tex., 459; Lockett *v.* Schurenberg, 60 Tex., 610.

Moreover, in this case, the assignments go, not so much to the correctness of the charge as given, as to supposed want of fullness in the charge; in such case it is the duty of the person who is of the opinion that a charge is not so full as it ought to be, to ask a further charge.

The bills of exception taken to the exclusion of evidence do not state the objections which were urged to the evidence, nor the grounds on which it was excluded.　In such case, and especially so when there is no statement of facts, rulings of a court in excluding evidence will not be considered.　Thompson *v.* Callison, 27 Tex., 438; Lockett *v.* Schurenberg, 60 Tex., 610 (3 T. L. R., 98); Whitehead *v.* Foley, 28 Tex., 268.

The same matters may have been proved by other evidence introduced in the case, so far as we can know from the record, and if so, no injury may have resulted from the ruling of the court even if erroneous.

The desire of the husband to get possession of the child may, so far as we can know without a statement of facts, have been laudable and in every respect justified; if so, proof of such desire and of attempts to accomplish such a purpose could have had no weight in favor of the appellant.　If the contrary was true, and the evidence therefore relevant on the question of cruelty, that should have been made in some way to appear; for in the absence of some such showing all presumptions must be indulged in favor of the correctness of the ruling of the court below.

If the rejection of the record, showing a conviction of the husband of an assault on the wife, had upon his plea of guilty, was properly presented in the bill of exceptions, we are not satisfied that, under the statutes regulating the admission of evidence, such evidence ought to have been admitted.

The statutes of this state provide, in actions for divorce, that "the decree of the court shall be rendered upon full and satisfactory evidence, independent of the confession or admission of either party." R. S., 2863.

It would seem that a conviction of the husband of an assault on the wife, had upon his plea of guilty, is as much an admission or confession as though made in some other manner. Such confession or admission is as likely to be collusive, when so made, as if made under other circumstances. The intention of the statute is evidently to prevent the obtaining of divorces by collusion, and for this purpose cuts off all confessions and admissions of the parties, however made.

The case of Bradley v. Bradley, 11 Me., 367, seems to have held such evidence admissible; but an examination of the statutes of that state then in force does not evidence the fact that any such statute was in force there as we have here. This case is referred to by Mr. Greenleaf as the authority for such a rule as the appellant contends for.

In an action for damages for an assault and battery, no doubt the record of the conviction in a criminal prosecution, based on the same facts, if the conviction was had on a plea of guilty, would be admissible; not so much, however, by reason of its being a judgment, as by reason of its being the solemn confession or admission of an interested party of facts material in the civil action. In such a case such confessions or admissions, however made, would be admissible; not so in a suit for divorce, for the statute excludes such evidence. Stafford v. Stafford, 41 Tex., 117.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 16, 1884.]