### J. F. Y. Ivy v. R. Ivy· et al.

Decided June 19, 1908.

**1.—Appeal—Statement of Facts—Act of 1907.**

Since the taking effect of the Act of 1907, a statement of facts consisting of the stenographer's notes in full, containing questions and answers, and not in narrative form, will be stricken out on motion in the appellate court.

**2.—Appeal—Absence of Statement of Facts—Assignments of Error.**

In the absence of a statement of facts, errors assigned to the giving and refusal of charges and the admission or exclusion of evidence can not usually be considered on appeal. But where the excluded evidence appears material and relevant to the issues under any probable state of the testimony, and where the ground of objection is one that is not tenable, an exception is recognized and allowed. An assignment of error based upon the exclusion of evidence considered, and held to come within the exception.

**3.—Action Between Heirs—Transaction with Decedent—Statute Construed.**

Where, in an action between heirs, the plaintiffs take the ex parte deposition of the defendant, one of the heirs, as to transactions between himself and the decedent, and the plaintiffs decline to read said deposition in evidence on the trial, the defendant has the right to introduce it. He will be considered as called by the opposite party to testify concerning said matters, as provided by article 2302, Rev. Stats.

**4.—Trial—Improper Remarks of Counsel.**

A trial court should not permit disparaging remarks by opposite counsel concerning the introduction of evidence when said evidence was relevant and competent and admitted under the ruling of the court.

**5.—Disclaimer after Judgment—Case Distinguished.**

In an action of trespass to try title and partition, it was not reversible error that an intervener in the case was allowed to file a disclaimer as to any interest in the land, in favor of another party, after verdict rendered and pending a motion for new trial, and that the land was awarded to the party in whose favor the disclaimer was filed. Ft. Worth & D. C. Ry. v. Wilson, 85 Texas, 516, distinguished.

**6.—Limitation—Cancellation of Deed.**

To an action to cancel a deed upon the theory that it was never intended by the parties thereto to take effect as a conveyance, the statute of limitation ordinarily applicable to suits to cancel deeds, would not apply.

**7.—Cancellation of Deed—Parol Evidence.**

To an action to cancel a deed on the ground that it was given to subserve only a temporary purpose and was not intended by the parties thereto as an absolute conveyance of the land, parol evidence is admissible to prove such facts, and this, without violating the general rule with regard to contradicting the terms of a written instrument by parol.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*W. G. Love, R. J. Channell* and *Hogg, Gill & Jones,* for appellant.—
The deed was in terms unambiguous and absolute and on its face unequivocally expressed an intention on the part of Elizabeth Ivy to convey to J. F. Y. Ivy, the appellant here, a fee simple title to the land in controversy, and there being no proof of fraud or mistake in the insertion of the recitals in the deed, parol evidence was not admissible to show that the maker of the deed did not intend to convey the land to the grantee named therein. Kahn v. Kahn, 94 Texas, 114, 117; Boyd v. Boyd, 78 S. W., 39, 40; McClendon v. Brockett, 32 Texas Civ. App., 150; Lott v. Kaiser, 61 Texas, 665; Lambert v. McClure, 34 S. W., 973; East Texas Fire Ins. Co. v. Clarke, 1 Texas Civ. App., 238; Van Hook v. Simmons, 25 Tex. Supp., 323; Heffron v. Cunningham, 76 Texas, 319; Sanborn v. Murphy, 86 Texas, 437; Hart v. Rust, 46 Texas, 556; Byars v. Byars, 11 Texas Civ. App., 565.

The court erred in refusing to give in charge to the jury special charge No. 5, asked by defendant, as follows: "You are instructed that in order for the plaintiffs to recover in this cause, it will be necessary to cancel the deed executed by Elizabeth Ivy to the defendant; which they seek by their pleadings to do. With reference to this, you are instructed that that part of the plaintiffs' suit by which they seek to cancel said deed is barred by the statute of limitation, and you will, therefore, return a verdict for the defendant." Revised Statutes, art. 3358; McCampbell v. Durst, 15 Texas Civ. App., 522; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218, 223; Gans v. Marx, 61 S. W., 527; Groesbeck v. Crow, 91 Texas, 74.

When appellees propounded ex parte interrogatories to appellant with reference to a transaction with deceased, they thereby "examined the opposing party as a witness," and "called him to testify thereto," within the contemplation of article 2302. Revised Statutes, arts. 2302, 2293; Hadley v. Upshaw, 27 Texas, 547; Handley v. Leigh, 8 Texas, 129.

The court erred in permitting H. F. Fisher, Esq., attorney for the plaintiffs, in the closing argument to the jury to comment upon the fact that the defendant had objected to the plaintiffs proving conversations had by them with Elizabeth Ivy, deceased, and in that connection to use improper language and argue to the jury that the defendant was attempting to shield the transaction of the execution and delivery of the deed by Elizabeth Ivy to him from investigation, because it was a transaction which would not "bear the light of day," because such conduct on the part of said counsel for the plaintiff was a violation of the rules of law governing the trial of causes, and was an effort to appeal to the prejudices of the jury, was outside of the record and was calculated to, and did, prejudice the jury against the defendant. Carvajal v. Casanova, 62 S. W., 429; Rotan v. Maedgen, 24 Texas Civ. App., 558; Chicago, R. I. & T. Ry. Co. v. Langston, 92 Texas, 709; Hanna v. Gulf, C. & S. F. Ry. Co., 27 Texas Civ. App., 492.

The court erred in refusing to set aside and vacate the judgment of the court rendered herein, upon the defendant's motion for a new trial,

and especially because the verdict of the jury and the judgment of the court were unauthorized by the pleadings and the law, in that the evidence shows that Anton Frank has an interest in the property disposed of by said judgment and he was not a party to said suit, and that part of the judgment by which Anton Frank, Jr., was decreed a one-seventh interest in said property was unauthorized by any pleadings or evidence in the case. Buffalo Bayou Co. v. Bruly, 45 Texas, 6; Maverick v. Burney, 88 Texas, 560; McKinney v. Moore, 73 Texas, 470; Parker v. Chancellor, 73 Texas, 479; Holloway v. McIlhenny Co., 77 Texas, 657; Boone v. Knox, 80 Texas, 644; Black v. Black, 69 S. W., 65; Arnold v. Cauble, 49 Texas, 531; De La Vega v. League, 64 Texas, 212; Carnes v. Swift, 56 S. W., 85, 86; Ft. Worth & D. C. Ry. Co. v. Wilson, 85 Texas, 516; El Paso & N. E. Ry. Co. v. Whatley, 76 S. W., 589; Galveston, H. & S. A. Ry. Co. v. McCray, 43 S. W., 275; Townes on Pleading, 203.

*Fisher, Sears & Campbell* and *Brockman, Kahn & Newman,* for appellees.—It having been alleged that Elizabeth Ivy did not intend to pass the title to the property mentioned in the deed made by her to J. F. Y. Ivy, but that same was made solely for the purpose of having it to appear that he was a property owner and taxpayer in the city of Houston, and that there was no consideration for said deed in fact that passed to Elizabeth Ivy, and that said deed was never to be recorded, it was proper to prove the declarations of J. F. Y. Ivy to show the character of his holding and possession and to establish a trust in him for the benefit of Elizabeth Ivy, and after her death to her heirs at law. Bailey v. Harris, 19 Texas, 110; Mead v. Randolph, 8 Texas, 198; Vandever v. Freeman, 20 Texas, 337; McClenny v. Floyd, 10 Texas, 163; Clark v. Haney, 62 Texas, 514; White v. Shepperd, 16 Texas, 172; Barnett v. Logue, 29 Texas, 289; Cordova v. Lee, 14 S. W., 208; Hughes v. Delaney, 44 Texas, 531; Hendrix v. Nunn, 46 Texas, 147.

It having been alleged that it was not the intent of the grantor, Elizabeth Ivy, to pass title to J. F. Y. Ivy, when she made the deed to the land involved in this litigation, and that being the issue in this case, it was not only competent but proper to show by the declarations of the grantee in the deed that he knew that fact and did not claim the land adverse to Elizabeth Ivy's heirs. McCartney v. McCartney, 93 Texas, 359; Steffian v. Milmo Nat. Bank, 69 Texas, 513-518; Crenshaw v. Harris, 41 S. W., 391; Brown v. Brown, 61 Texas, 56; 1 Devlin on Deeds, par. 262, 264 and 295.

The defense of limitation did not apply in this case. If appellees contention is true, and which was found to be true by the jury, appellees and appellant were tenants in common; and the proof showing that they all lived upon the property and that appellant did not hold the property adversely, limitation could not apply.

The court did not err in refusing to permit appellant to read in evidence his ex parte deposition; appellant was present in court and testified, therefore, no injury could have resulted by the refusal of the court to permit the deposition to be read.

Where a witness is present in court it is not error to refuse reading of his deposition in evidence: McNeese v. Republic, 2 Texas, 107;

Randall v. Collins, 52 Texas, 442; Vance v. Upson, 66 Texas, 476; McClure v. Sheek, 68 Texas, 429; Galveston, H. & S. A. Ry. v. Burnett, 42 S. W., 314; Johns v. Hardin, 81 Texas, 37.

A party can not read deposition of witness, if objected to by opposing side, if witness is in court at the time of trial. Elliot v. Mitchell, 28 Texas, 112; Schmick v. Noel, 72 Texas, 3; Schmick v. Noel, 64 Texas, 408; O'Connor v. Andrews, 81 Texas, 37; Campbell v. Powell, 78 Texas, 53.

The court did not err in decreeing a one-seventh interest to appellee, Anton Frank, Jr., because on motion for a new trial it was shown that Anton Frank, Sr., had disclaimed any interest in the property, including his life estate, in favor of his son, Anton Frank, Jr., appellee, and as shown by deed, therefore, appellant is not in a position to complain of the judgment herein, and the court on motion for a new trial had authority to entertain the disclaimer so filed and to consider the deed as contained in the statement of facts.

REESE, Associate Justice.—In this suit R. Ivy and others, children and heirs at law of Mrs. Elizabeth Ivy, deceased, sue J. F. Y. Ivy for partition of certain property in the city of Houston. It is alleged in the petition that plaintiffs are the owners of six-sevenths of the property and that defendant owns the other one-seventh.

Defendant answered by general denial, and denying specially the title of plaintiffs and asserting ownership of the entire property under a deed to himself alleged to have been executed by Elizabeth Ivy in 1893, and praying, by way of cross-action, that his title be established and quieted against the claims of plaintiffs.

It is alleged by defendant that the property was purchased by himself and his mother, the said Elizabeth Ivy, in 1876, defendant furnishing $425 of the purchase money, and his mother the balance; that defendant and his mother, together with plaintiffs who were younger children of the said Elizabeth Ivy, continued to reside on the property as their home, the defendant being the recognized head of the family; that he furnished his mother and the other children their maintenance and support, and also out of his own means made improvements and repairs on the property, and that he continued to support the said Elizabeth who lived with him, after his marriage, upon said property. That on September 11, 1893, in consideration of his equitable title to said property, and as some measure of compensation for his services and expenses in supporting and caring for her and the other children, and in consideration of $5.00 in cash paid by him, and for the purpose of vesting the title in him, the said Elizabeth Ivy executed and delivered to him a deed of conveyance of the property. Defendant further pleaded the statute of limitations of ten years by reason of his adverse possession.

By supplemental petition plaintiffs denied generally the allegations of defendant's answer and cross-bill, and by way of special answer denied defendant's title to any interest in the property except the one-seventh interest inherited from Elizabeth Ivy, and the one-seventh interest acquired by conveyance from Amelia McGovern, one of the plaintiffs, since the institution of the suit.

As to the deed from Elizabeth Ivy to defendant, it is averred that the same was without consideration and was never given or intended to be given for the purpose of conveying title to defendant, but it is alleged that defendant, being a candidate for office or desirous of becoming a candidate for office, solicited the said Elizabeth Ivy to make him a deed to the property for the sole and single purpose of enabling him to appear ostensibly as a property owner and taxpayer, he owning no property in the city of Houston, and that the deed was executed with the understanding and agreement on the part of defendant and the said Elizabeth Ivy that the same should have no actual force and effect as a conveyance of the property, and was to be canceled and destroyed as soon as the election was over and should not be recorded; that defendant never claimed to have said deed, or set up any title thereunder until after this suit was filed, but frequently declared that the same had been destroyed shortly after its execution. It was averred that after this suit was filed this deed, which had been hid away and which had not been recorded, was resurrected by defendant for the purpose of fraudulently showing title to the property. They prayed that the deed be canceled and held for naught.

By supplemental answer defendant specially excepted that the deed could not be impeached by parol evidence, denied the allegations of the supplemental petition, and pleaded the statute of limitations of two and four years to the prayer for cancellation of the deed. By further supplemental petition plaintiffs deny, in detail and specially, all of the allegations of defendant's cross-bill as to any payment by him for the property or any improvements thereon; say that he was a minor when the property was bought and had no money and that the entire purchase money of the property was $450, all of which was paid by Elizabeth Ivy out of her own money. The charge of fraudulent concealment by defendant of his claim, and the allegations as to the true character of the transaction are elaborately reiterated.

Upon trial with a jury there was a verdict for all of the plaintiffs, except Mrs. McGovern, for five-sevenths of the property and for defendant for two-sevenths. Upon this verdict there was a judgment awarding each of the plaintiffs, except Mrs. McGovern, one-seventh of the land, and defendant two-sevenths, with an order appointing commissioners to make partition. A motion for new trial being overruled defendant appeals.

On a former day of the term motion was submitted by appellees to strike out the statement of facts, on the ground that the same had not been prepared in accordance with the provisions of section 5, chapter 24, called session of 30th Legislature, in that, instead of being in narrative form it consisted of the stenographer's notes in full, containing questions and answers as under the Act of 1905. The statement was prepared since the taking effect of the Act of 1907. This motion was sustained and the statement of facts stricken out.

The first and second assignments of error assail the ruling of the court in the admission of evidence. The third, fourth, seventh, eighth and tenth assignments complain of the giving and refusal of instructions to the jury. The fifth assignment is based upon the refusal of the court

to grant appellant's motion for a new trial on the ground that the undisputed evidence showed that the deed which was offered in evidence from Elizabeth Ivy to J. F. Y. Ivy was executed and delivered to him by Elizabeth Ivy, and said deed on its face conveyed to him the title to the land and there was no evidence showing or tending to show that the purpose or intention of Elizabeth Ivy in the execution or delivery of said deed was different from the purpose and intention expressed in the deed. The sixth assignment is based on the error of the court in overruling the motion for a new trial on the ground that the legal effect of the deed was to convey the property which could in no event be defeated without clear and positive proof of an agreement at the time of the execution of the deed that the deed should not take effect, and that the evidence of such intention was too weak and insufficient to overcome the presumption from the execution of the deed.

In the absence of a statement of facts none of these assignments authorize a reversal of the judgment, nor can they be considered for that purpose. The general rule, announced in a great many decisions by our Supreme Court, is that errors assigned in the giving and refusing of charges or in the admission or exclusion of evidence will not be considered in the absence of a statement of facts. (Cannovan v. Thompson, 12 Texas, 248; Hutchins v. Wade, 20 Texas, 9; Fulgham v. Bendy, 23 Texas, 65; Blackwell v. Patton, 23 Texas, 674; Devore v. Crowder, 66 Texas, 206; Cottrell v. Teagarden, 25 Texas, 319; Thompson v. Callison, 27 Texas, 440.)

Plaintiffs upon interrogatories took the deposition ex parte of defendant J. F. Y. Ivy, which deposition was regularly taken and returned into court. Upon the trial, plaintiffs declining to read the answers to these ex parte interrogatories, defendant offered to do so, whereupon plaintiffs objected on the grounds that the answers therein were with regard to transactions between defendant and Elizabeth Ivy, deceased, plaintiffs suing as her heirs, and that defendant was incompetent to testify as to such matters. The deposition was offered on the part of defendant on the ground that he had, by the filing of the interrogatories and taking the deposition by plaintiffs, been called by them to testify to the matters referred to. The objection of plaintiffs was sustained by the court, and the evidence excluded, to which defendant excepted. The bill of exceptions is signed by the trial judge with the explanation that defendant was afterwards sworn as a witness and testified in the case. It is not stated that he offered or was allowed to testify as to the nature of the transactions with Mrs. Ivy leading to the execution of the deed. The excluded deposition contained defendant's version of this transaction and tended to support the allegations of his answer and cross-bill that the deed was a *bona fide* transaction and was intended as a full conveyance of the property, and to rebut the allegations of the supplemental petition in this regard.

It will be seen that the testimony excluded, in any possible state of the evidence, was of the most material character and that it afforded, if true, a complete defense to plaintiffs' action. In such case the assignment of error presenting this question comes within certain exceptions to the general rule above stated, that errors in the exclusion of evidence will not be revised in the absence of a statement of facts.

(Galbreath v. Templeton, 20 Texas, 47; Fox v. Sturm, 21 Texas, 407; Tarlton v. Dailey, 55 Texas, 96; Lockett v. Schurenberg, 60 Texas, 613; Torrey v. Cameron & Co., 74 Texas, 287.)

In the last case cited the Supreme Court says: "We understand the general rule to be that without a statement of facts this court will not revise the rulings of the court below in the admission or the exclusion of evidence. The reason is that in most cases without a statement of the whole evidence it is impossible for the court to determine whether or not the error, if error it be, has operated to the prejudice of the appellant. An exception to the rule has, however, been repeatedly recognized and acted upon by this court. Harvey v. Hill, 7 Texas, 591; Fox v. Sturm, 21 Texas, 407; King v. Gray, 17 Texas, 62; Galbreath v. Templeton, 20 Texas, 46; Dalby v. Booth, 16 Texas, 563; Tarlton v. Dailey, 55 Texas, 92. Where the evidence appears material and relevant to the issues under any probable state of the testimony, and where the ground of objection is one that is not tenable, we apprehend the bill of exceptions ought to be considered and the ruling revised, although no statement of facts appears in the record."

Considering the assignment of error in the light of the bill of exceptions the ruling of the court in excluding the deposition, or at least that part thereof most material to defendant, relating to the transaction between himself and Mrs. Ivy with regard to the execution of the deed, was clearly erroneous. (Hadley v. Upshaw, 27 Texas, 547; Gilkey v. Peeler, 22 Texas, 663; Grieb v. Stahl, 20 Texas Ct. Rep., 447).

The fact that defendant was sworn and testified in the case does not cure the error. If he had testified to the transaction with his deceased mother as in the excluded deposition, this would have rendered the error harmless, but it would be most unreasonable to assume, in the absence of a statement of facts, that he did so, or would have been allowed to do so, in the face of the objection to the deposition and the court's ruling thereon.

The case was briefed by appellees' counsel to meet the case as presented with a statement of facts in the record, and in their reply to the ninth assignment of error, no reference is made to any testimony of defendant with regard to the matters about which he had been held to be incompetent to testify by the ruling of the court in excluding the deposition. It is entirely proper that this should be considered also as rebutting any assumption, in the absence of a statement of facts, that he so testified as to relieve the erroneous ruling of its harmful effects.

Nor was the ruling justified under any proper exercise of discretion in refusing to allow a deposition to be read when the witness is in court and in a position to testify orally. (Schmick v. Noel, 64 Texas, 408.) As to the matter referred to he could only testify when called to do so by the opposite party. (Art. 2302, Rev. Stats.) It does not matter that other evidence may have been introduced as to which the excluded evidence was merely corroborative. (Dupree v. Estelle, 72 Texas, 576.)

The assignment of error must be sustained, and this requires a reversal of the judgment. It was improper for counsel for plaintiffs to refer, in a disparaging way, to the fact that defendant had made use of his unquestioned right to object to certain testimony. It should not have

been allowed by the trial court. We can not say, however, that this affords ground for reversal in this case.

If there was an error in the way in which the judgment was entered as to Anton Frank, Sr., it will be obviated by proper pleading upon another trial. We think, however, that Frank being a party to the suit by intervention, and having filed in the cause, after judgment and pending motion for new trial, a disclaimer in favor of his son, Anton Frank, Jr., the judgment is binding upon him, and that is all that defendant can require. The facts are different from those in Ft. Worth & D. C. Ry. Co. v. Wilson (85 Texas, 516) cited by appellees.

For its guidance upon another trial it is proper to say that we agree with the trial court that the statute of limitation as to suits for cancellation of a deed does not apply. The theory of plaintiffs' case is that there was in fact no executed deed, based upon the agreement of Mrs. Ivy and defendant that the instrument signed by her should not take effect as a conveyance, *inter partes*.

The question presented by the third assignment of error is not free from difficulty. We do not regard it as settled by any decision of our Supreme Court. The assignment complains of the giving of the following charge:

"You are charged that the deed in evidence from Elizabeth Ivy to J. F. Y. Ivy is sufficient in itself to pass all of the title of Elizabeth Ivy to the property in question and would constitute him the exclusive owner thereof, and therefore you will find for the defendant J. F. Y. Ivy, unless you believe from a preponderance of the evidence that the deed in question was given to him by Elizabeth Ivy without intention to convey the land to him, but only for the temporary purpose of having him appear as a property owner, and with the understanding that it should have no force or effect, and be destroyed by defendant John F. Y. Ivy—and if you so find, then you will find for plaintiffs."

The pleadings clearly presented the issue as to whether or not this instrument was executed by Mrs. Ivy upon an agreement with defendant that it should not, in fact, have any effect as a deed to convey the property, but should only be used to serve a temporary purpose and then be destroyed. If this be the fact, it would undoubtedly constitute a fraud on the part of defendant, to undertake to make use of the deed now, after Mrs. Ivy's death, as a valid conveyance of the property. These facts, we think, may be shown by parol without violating the general rule with regard to contradicting the terms of a written instrument by parol. (Southern Street Ry., etc., Co. v. Metropole Shoe Co., 46 Atl., 513; Earle v. Rice, 111 Mass., 20; Grierson v. Mason, 60 N. Y., 394; Rearich v. Swinehart, 51 Am. Dec. 540-543.)

In the case last cited, decided by the Supreme Court of Pennsylvania, the court says: "The destruction of a written instrument by parol testimony may seem dangerous, and it is so, but the community would be in a still worse condition if it were established as an inflexible rule that when a man's hand was once got to an instrument, no matter by what means, the doors should be shut against all inquiry." It is charged in plaintiffs' petition that this conveyance was given for the purpose of enabling defendant, the oldest son of the grantor, who was living with her, to appear as a property owner and taxpayer in his candidacy

for an office, with no thought or intention on the part of either grantor or grantee that it should ever have any real force or effect as a conveyance of the property, and that having served this purpose it should, without having been recorded, be destroyed, that it was kept hidden and its existence even denied by defendant until after the death of the grantor and until this suit was filed, when it was brought forward and the present claim set up under it as a valid conveyance of the property. If these allegations of the petition be true it would be intolerable that plaintiffs should not be allowed to establish them by parol unless some well established rule of law forbids. We do not think the rule of law relied upon by defendant does so forbid. If the evidence introduced tended to support the allegations of the petition with regard to the execution of this instrument we do not think the charge given was erroneous.

For the error of the court in excluding the ex parte deposition of defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*