The St. Louis, Arkansas & Texas Railway Company in Texas
v. Amelia Taylor.

No. 286.

1. Action for Injuries Resulting in Death — Parties.— In an action by widow and children for actual damages against a railway company, under the statute, for injuries resulting in the death of James G. Taylor, a verdict and judgment apportioning the damages among the plaintiffs were recovered by his surviving wife and children, who were dependent upon him for support. It appeared that the father of J. G. Taylor lived in another State, beyond the jurisdiction of the court, and it did not appear that he was in any way dependent upon deceased. *Held:*

1. The action being for actual damages, a recovery could only be had by some one who was actually damaged by reason of the death.

. 2. The father of deceased was not a necessary party.

3. The railway company is protected by the verdict and judgment against a suit by the father.

2. Negligence — Charge of Court. — In cases where the negligence and carelessness of a railway company in conducting, managing, and propelling its cars are charged by general allegations, and specific acts of negligence are proved, the jury should be properly instructed as to the duties of the company at the time and place mentioned, and it should be left to the jury to determine whether those duties have been performed. A charge which calls the attention of the jury to the specific acts of negligence about which evidence has been introduced, but which were not set out in the pleading, lays too much stress upon such particular acts, and is erroneous. See example.

3. Pleading and Proof.—The allegations that the railway company "so carelessly and negligently conducted, managed, and propelled said car, that by such carelessness and negligence said car ran against, knocked down, and ran over the said James G. Taylor, without any fault on his part,'' etc., though general, were sufficient to admit proof of any acts of carelessness and negligence in conducting, managing, and propelling the cars at the time and place mentioned.

Appeal from Navarro.    Tried below before Hon. Rufus Hardy.

*Clark, Dyer & Bolinger,* for appellant.—1. The proof of plaintiff showed that J. M. Taylor, the father of J. G. Taylor, deceased, is now living, and the verdict should have been set aside for the reason that he was a necessary party to this suit and was in no way made a party. Railway v. Culberson, 68 Texas, 664; Railway v. Le Gierse, 51 Texas, 189.

2. The charge was erroneous, in that it specified and called attention to facts and omissions not required by statute which would constitute negligence, and thereby invaded the province of the jury. Medley v. Wilkins, 60 Texas, 415; Railway v. Kutac, 76 Texas, 473; Railway v. Chapman, 57 Texas, 82; Randall v. Gill, 77 Texas, 351; Railway v. Wilson, 60 Texas, 143; Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 244; Railway v. Murphy, 46 Texas, 366; Railway v. Hill, 71 Texas, 451.

3. The allegations in plaintiff's petition did not specify the acts of negligence attempted to be proved in this cause, and were not sufficient to authorize recovery on account of negligence not alleged.   Railway v. Hennessy, 75 Texas, 155; Rev. Stats., art. 1195; Railway v. Brinker, 68 Texas, 502; Williams v. Railway, 60 Texas, 206.

*Simkins & Neblett,* for appellee.—1.  The proof showing that the deceased was 28 years old, married, and with two children, with whom he was living, and showing that there was no family relations subsisting between him and his father, and failing to show any contribution to the father, the father has lost nothing by his death, had no interest in the suit, and was not a necessary party.   This case is distinguished from the Culberson case in 68 Texas.   Winnt v. Railway, 74 Texas, 32; Railway v. Cowser, 57 Texas, 305; Nelson v. Railway, 78 Texas, 621; Railway v. Henry, 75 Texas, 220.

2.  The allegations of appellee's petition as to negligence were sufficient to fix a liability on appellant, and there was no error in refusing the eighth special charge.   Lewis v. Railway, 73 Texas, 904; 68 Texas, 502.

LIGHTFOOT, Chief Justice.—The following statement of the case, made by appellant, is substantially correct:

Amelia Taylor, as surviving wife, and her two sons, James G. Taylor and J. Edwin Taylor, by their mother as next friend, the surviving children of James G. Taylor, deceased, bring, in the District Court of Navarro County, Texas, suit for the death of James G. Taylor, claiming actual damages in the sum of $10,000; alleging, substantially, that on the 9th of March, 1888, appellant, as defendant in the court below, by carelessness and negligence, ran its cars against and knocked down and ran over the said James G. Taylor, without any fault or neglect on his part, inflicting injuries which resulted in his death in a short time thereafter. Plaintiffs also allege, that S. W. Fordyce was, on the 15th day of May, 1889, by order of the United States Circuit Court, appointed receiver of said defendant railway company.

Appellant, the St. Louis, Arkansas & Texas Railway Company in Texas, pleaded, first, a general demurrer; second, a general denial; and third, answered specially, that the said James G. Taylor was not killed by any negligence or want of care on the part of said appellant or any of its agents, but the death of said James G. Taylor was caused solely by his own carelessness, in that he was killed while walking on the private track and property of this defendant, at a place other than a public crossing, just in front of a moving freight car loaded with freight, and in plain, open view of said car, without looking or listening for the approach of said car, when by the use of any care he could have avoided said injury; and that defendant, after discovering the position of said James G. Tay-

lor, used all care and effort in its power to prevent the collision which resulted in his death, and the defendant therefore was not liable, on account of contributory negligence of the deceased.

Said S. W. Fordyce, receiver, as defendant in the court below, excepted to the jurisdiction of the District Court of Navarro County over him, for the reason that the plaintiff's petition showed that the injuries occurred long prior to his appointment as receiver; and that plaintiff showed no right to sue this defendant, and had no leave of court to sue him, and there was no authority of law to sue this defendant, who was an officer of the Federal court, except for some act or transaction of his, and that the acts complained of were no acts or transactions of his.

On the trial of said cause, the court sustained the plea to the jurisdiction of S. W. Fordyce, and a verdict was rendered by a jury against defendant railway company only, for $10,000, the jury apportioning the verdict as follows: to Amelia Taylor, $4000; to J. Edwin Taylor, $3000; and to James G. Taylor, $3000; and judgment was rendered on said verdict for said sums.   The railway company has appealed.

*Opinion.*—1.   The fifth assignment of error is as follows:   "The court erred in refusing to set aside the judgment on the ground that the testimony of plaintiff Amelia Taylor showed that the father of J. G. Taylor is now living; and because said J. M. Taylor, the father of the deceased, was not made a party, and was a necessary party to the suit, as claimed in defendant's motion."   This is an action for damages brought by the widow and children of James G. Taylor, deceased, under the statute, article 2899.   In article 2903, Revised Statutes, it is provided:   "The action shall be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be liable for the debts of the deceased."

It is clear, that the action being for actual damages, a recovery could only be had by some one who was *actually* damaged by reason of such death.   It was in proof that the deceased was 28 years old, and had a wife and children dependent upon him for support; that his father lived in another State, beyond the jurisdiction of the court, and it does not appear that he was in any way dependent upon the deceased.   He was not a necessary party to the suit.   In the case of Missouri Pacific Railway Company v. Henry, 75 Texas, 220, where the surviving mother brought the suit, alleging that she was dependent upon the deceased for support, and that her husband had abandoned her and was in nowise dependent upon the son, the court allowed a recovery by her alone.   The court says:   "The right of recovery in actions of this character depends upon pecuniary injury sustained by the parties to whom the right of action is given.   Nothing is allowed as a solatium.   The recovery rests

solely upon the doctrine of compensation." And in this case, as was said there, the appellant is amply protected by the verdict and judgment against a suit by the father, even if limitation has not supervened. Railway v. Baker, 57 Texas, 419; Nelson v. Railway, 78 Texas, 621; see also, Railway v. Culberson, 68 Texas, 664.

2. The following is a portion of the court's charge, of which appellant complains in its seventh assignment: " But if deceased was not a trespasser, then defendant would be guilty of negligence if in any manner, under all the circumstances, its agents, servants, or employes failed to exercise such care and caution as a prudent and careful man would have exercised under like circumstances, to prevent injury; and *in such case the defendant might be negligent from the manner of their handling or propelling their car or detaching it from the engine, or failure to discover the danger of the deceased from want of proper care* or other matter, if from the evidence of this case you think it appears that the action of defendant, through its agents, servants, or employes, in respect to these or other matters, failed to show the exercise of such care as a prudent and careful man would have exercised under like circumstances, to avoid doing injury."

This charge was erroneous, and laid too much stress upon the particular acts of negligence claimed. It has been frequently held by the Supreme Court, that such a charge is reversible error. In the case of Galveston, Harrisburg & San Antonio Railway v. Kutac, 76 Texas, 473, which involved the question of contributory negligence, the following charge was given: " In passing upon the question of negligence of the parties in charge of defendant's train, you may consider the place at which the accident occurred, its surroundings, the rate of speed at which said train was then being run, and whether or not the signals required by law to be given were given by the parties in charge of said train." The court, in commenting upon it, said: " We think this was error, because the effect of it, in our opinion, was to give too much emphasis to the particular circumstances referred to. Medlin v. Wilkins, 60 Texas, 415."

The particular acts of negligence claimed by appellees in this case consisted mainly " in their manner of handling or propelling their car or detaching it from their engine, or failure to discover the danger of the deceased from want of proper care." The jury should have been properly instructed as to the duties of the railway company at the time and place mentioned, and it should have been left to the jury, under a carefully guarded charge, to determine whether those duties had been performed; and their attention should not have been called to the specific acts of negligence about which evidence had been introduced. In the case of Medlin v. Wilkins, above, the court says: " Except in those cases where certain evidence as a matter of law establishes an issue, it is improper for the court in the charge to call the attention of the jury to

any particular portion of the evidence. The court decides and determines upon the admissibility of the evidence, while it is the sole province of the jury to determine its credibility and weight." 60 Texas, 415.

In this case the particular acts of negligence as claimed—that is, detaching the car from the engine, and failing to discover the danger of the deceased—were not set out in the pleading of the plaintiff, and only appeared from the evidence. Railway v. Chapman, 57 Texas, 82.

3. The tenth assignment of error is as follows: "The court erred in refusing to give to the jury special charge number 8, asked by defendant, to the effect, that plaintiff's pleading did not authorize the acts of negligence attempted to be elicited by the proof, etc., as mentioned in said special charge."

The plaintiff below alleged, that defendant "so carelessly and negligently conducted, managed, and propelled said car that by such carelessness and negligence said car ran against, knocked down, and ran over the said James G. Taylor, without any fault or neglect on his part," etc. These allegations, though general, were sufficient to admit the proof of any acts of carelessness and negligence in conducting, managing, and propelling the cars at the time and place mentioned.

The assignment of error relating to the ruling of the court on the general demurrer is not insisted upon in the brief of appellant.

The special charge number 8, asked by appellant, was as follows: " The jury is charged, that in deciding whether or not the defendant in this cause was guilty of any negligence, they will not consider any evidence as to failure to give signals by defendant, or as to improper speed of cars on a street or highway by defendant, or as to running a car or cars without an engine, there being no allegation in plaintiff's petition to authorize such evidence." This special charge was refused. It is true that none of the specific acts named in the above special charge were set out in plaintiff's petition; but they were all included under the general allegations of negligence and carelessness of defendant in conducting, managing, and propelling its cars. The plaintiff was not required to plead the evidence. Lewis v. Railway, 73 Texas, 504; Railway v. Brinker, 68 Texas, 502.

In the last named case the court says: "A plaintiff is not ordinarily presumed to know the condition of the track, machinery, cars, and equipage of a railroad so as to specify what particular defect has brought about the disaster by which he is injured. A passenger injured, or a wife whose husband has been killed in a collision, can not well know whether it was due to the want of a headlight, the imperfection of a brake, or the incapacity of an engineer. To require them to specify the cause or causes of these or any other accidents produced by the negligence would in many cases require an impossibility, and amount to a denial of justice. But such

things are, or should be, known to the railroad company, and it does not require much particularity in pleading to put it on notice what negligence is laid to its charge."

The other questions raised under errors assigned are not such as will be likely to arise on another trial, and in view of the fact that they would require a discussion, to some extent, of the testimony, we refrain from presenting them.

For the error of the court in its charge to the jury as indicated above, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered December 6, 1893.