## INTERNATIONAL–GREAT NORTHERN R. CO. v. HAILEY. (No. 670.)

Court of Civil Appeals of Texas. Waco.
July 14, 1928.

Rehearing Denied Sept. 20, 1928.

Taylor, Atkinson & Farmer, of Waco, for appellant.

Witt, Terrell & Witt, of Waco, and Miller & Godfrey, of Dallas, for appellee.

BARCUS, J. Appellee instituted this suit against appellant to recover damages for injuries which he suffered while performing his duties as a brakeman in appellant's employ. He alleged that the injury was caused by an inefficient brake on a certain car, which, while in his line of duty, he was attempting to stop, and that as a result thereof he was permanently injured in the lower part of his back, in the lumbar and sacral regions, and in the left sacro-iliac joint. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being entered for appellee for $17,500.

It appears from the record that appellee had been working for different railway companies in the capacity of a brakeman for 25 years, and had been working in the same capacity for appellant since 1912. At the time appellee received the injury complained of, he was performing his duties as brakeman in the switchyards in the town of Mart. A certain refrigerating car containing an interstate shipment was thrown onto a side track, and, as it was his duty to do, appellee climbed on said car to set the brake and stop said car. He testified that when he attempted to stop the car the brake would not work; that he attempted several times to make it work, and it hung; that he finally braced himself on the top of the car, and while straining with all his force, attempting to get the brake to work, so he could stop the car, which was rapidly increasing its rate of speed, the car lurched, and the brake suddenly gave way, and he was thrown around the brake, and was twisted in such way as to cause the injuries of which complaint was made.

■■ Appellant by a number of propositions complains of the trial court's refusal to instruct the jury to return a verdict for it, and of the refusal of the court to set aside the findings of the jury and the judgment rendered thereon, because same are overwhelmingly against the preponderance of the evidence. We overrule these propositions.

The statement of facts embraces 416 pages, and we think unquestionably raised the issues submitted, and was sufficient to sustain the jury's findings. The record shows that appellee, when a child, had a fall and broke his leg, and as a result thereof one leg was a little shorter than the other. He was required to and had stood several medical examinations before he began working at different places for appellant. The doctor for appellant, who examined appellee, testified he made a rigid examination, because it took a sound man to perform the work of a brakeman. For more than 12 years appellee had been working almost daily for appellant in the same capacity, and had been doing his work efficiently and well. Appellee testified he was familiar with the handling and setting of brakes on a car, and that the brake in question was not in good order; that same would not work; that it hung; that after the accident he examined same, and found the chain rusty; that he could not turn the brake by ordinary methods. The evidence shows that after the injury appellee was in a hospital of appellant for a large portion of about 12 months' time; that numerous examinations were made, and he was by appellant's physicians given an iron brace to wear, in order to be able to walk with any degree of comfort. After the injury complained of he was entirely unfitted for the work which he had been performing during the past, and was totally unable to perform the services of a switchman or brakeman on a railway. Under article 8618, U. S. Compiled Statutes (45 USCA § 11), appellant as a railway company was required to equip all cars used by it in the transportation of interstate business with efficient brakes. Our courts have uniformly held that, where an employé suffers an injury by reason of inefficient brakes, the railway company is liable for the damages suffered by reason thereof. Spokane Railway Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125; Payne v. Connor (C. C. A.) 274 F. 497; St. L. S. W. Ry. Co. v. Pyron (Tex. Civ. App.) 278 S. W. 270 (error dismissed), and authorities there cited.

■Appellant complains of the refusal of the trial court to submit a special issue to the jury which it tendered, in which it was asked, in effect, whether the abnormal physical condition of appellee prior to the accident was the sole proximate cause of the accident. We overrule this proposition. There was no evidence raising said issue. The testimony of the doctors was that appellee had abnormal conditions in the lower portion of his back and in the lumbar and sacral regions, and some of the doctors testified that in their opinion it was congenital, and some that those conditions might have been caused by reason of his leg having been broken when a child, and his having gone through life with one leg shorter than the other, and some that the condition was caused by the injury complained of. The evidence, however, shows without dispute that appellee had been working for different railroads in the capacity of switchman and brakeman for 25 years, and had been working for appellant regularly since 1912, and had at all times been a stout, healthy man, and able to perform the tasks required of him in said capacity. There was no evidence which in any way tended to show that the conditions which might have existed when he was a child in any way caused the injury at the time same was inflicted. If it were conceded, which it was not, that defendant in error was an abnormal person, there was not a word of testimony that indicated or suggested that said abnormal condition was the sole cause of the injury.

■ Appellant complains of the action of the trial court in refusing to permit it to cross-examine appellee with reference to a written statement appellee had made shortly after the time he claimed to have been injured. We overrule this assignment. The record shows that appellant was given full opportunity to, and did, make a most thorough and rigid cross-examination of appellee with reference to said statement, and, if it was error, no injury is shown by the action of the trial court in requiring the statement to be introduced in evidence before appellee could be cross-examined with reference thereto.

■ Appellant complains of the action of the trial court in refusing to submit the issue as to whether the injury was caused by an unavoidable accident. We overrule this proposition. There is no evidence tending in any way to raise the issue of unavoidable accident. Appellee was injured while on top of a freight car, attempting to stop same by turning the brake. Under the federal statutes, if the injury was caused by an inefficient brake, appellant was responsible for the damages occasioned thereby.

■■ Appellant complains of the action of the trial court in permitting counsel for appellee to ask Dr. Langford, one of appellant's witnesses, on cross-examination, the following question: "What was his [Hailey's] reputation there in Mart for truth and veracity?" and in permitting said witness to answer: "Why, I never heard anybody discuss it." Appellant's contention is that, since it had not attacked appellee's reputation for truth and veracity, appellee could not offer any testimony with reference thereto. We overrule this assignment. Appellant, both by its pleadings and by its testimony, contended that appellee was not telling the truth with reference to the extent of the injury, or the way in which it occurred, and that appellee's case in its entirety was built upon fabrications. Our courts have held that, under such conditions, plaintiff has a right to establish his good reputation for truth and veracity. Wells-Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120; Id., 107 Tex. 331, 179 S.

W. 513. If the action of the court was erroneous, we do not think it should require a reversal of the judgment. The witness stated that he had never heard the matter discussed. No further effort was made to establish or disprove appellee's reputation for truth and veracity, and said witness did not testify that it was either good or bad.

■ Appellant contends that the amount of the judgment is excessive, and that the size thereof shows that the jury was influenced by some ulterior or sympathetic motive. We overrule this proposition. The record shows that appellee at the time of the injury was 43 years of age, had a life expectancy of 26½ years, was drawing a salary of $2,300, and was a stout, robust, able-bodied man. The cause was not tried until approximately 2 years after the injury, and appellee testified that he was still suffering therefrom, and was compelled to wear an iron brace, and that the physicians informed him that he would have to wear said iron brace the rest of his life. Several of the doctors testified that his injury was of a permanent character. We do not think it could be said that the judgment, under the facts and circumstances of this case, is excessive.

■ Appellant complains of the action of the trial court in refusing to set the judgment aside, because counsel for appellee asked appellee, while he was on the stand, if at the time of the injury he was living in Mart with his wife and children; appellant's contention being that the question was an indirect way of showing to the jury that appellee was a married man, and had a wife and children dependent upon him for support. We overrule this contention. At the time counsel for appellee asked said question, objection was made thereto, and the witness was not permitted to answer same, and the trial court instructed the jury not to consider the statement made by counsel. Further, the record shows that appellee's wife was placed on the stand and testified, and the jury thereby knew that appellee was a married man, and had been for a long number of years.

By a number of propositions appellant complains of certain portions of the argument of counsel for appellee. We have carefully examined each of these assignments, and the argument made by counsel, of which complaint is made, and do not think that any of them show any ground for reversal. As was said by the Supreme Court in a quotation copied in Brazelton v. St. L. S. W. Ry. Co., 296 S. W. 290:

"It is only when, from the record on appeal, it is clear that argument in violation of this rule was calculated to prejudice the rights of the party complaining, that an appellate court is authorized to overrule a contrary holding by the trial court on this question. Unless it clearly appears that the trial court has abused its discretion, its holding must stand."

We do not think the record shows any such abuse of discretion on the part of the trial court in overruling appellant's motion for rehearing by reason of the various statements of counsel in their argument, as would authorize this court to hold that he abused his discretion with reference thereto.

We have carefully examined all of appellant's assignments of error and propositions relating thereto, and same are overruled. The judgment of the trial court is in all things affirmed.