**THURMAN et al. v. CHANDLER et al.**

No. 9732.

Court of Civil Appeals of Texas. Galveston.

May 10, 1932.

Rehearings Denied July 7, 1932.

**316**

Geo. P. Willis, of El Campo, for appellant H. C. Thurman.

Baker, Botts, Andrews & Wharton and Tom Scurry, all of Houston, for appellant Hartford Accident & Indemnity Co.

Sidney P. Chandler, of Corpus Christi, for appellees.

LANE, J.

This suit was instituted by Mrs. J. Henry Chandler, widow of J. Henry Chandler, deceased, for herself and as next friend for Marion Chandler and Dorothy Chandler, minor children of Chandler, deceased, against H. C. Thurman, and the Hartford Accident & Indemnity Company, hereinafter, for convenience, called the indemnity company, to recover damages alleged to have been suffered by them by reason of the death of J. Henry Chandler.

Plaintiffs alleged, substantially, that on August 11, 1930, H. C. Thurman was the owner of a Ford truck which had a trailer attached thereto; that on said date he loaded upon such truck and trailer 20 bales of cotton, of the average weight of about 500 pounds per bale, at the town of Edna, Tex., to be transported to Houston, Tex.; that H. C. Thurman invited J. Henry Chandler, the husband of plaintiff Mrs. Chandler, and the father of the minor plaintiffs, and five other persons to ride with him on such truck, as loaded, from Edna to El Campo, in Wharton county, Tex.; that such invitation was accepted by J. Henry Chandler and others; that as the truck as loaded was being driven from Edna, Tex., to El Campo, Tex., the right rear wheel of the trailer came off and the axle thereof fell to the ground and struck the road with such force that it jerked the truck in such manner as to throw J. Henry Chandler to the ground with great force and violence; that if they be in error as to his being thrown off, then they say that in his fright at the accident he attempted to jump to safety, and in so doing he was thrown with force and violence, and that the bales of cotton which were on the truck and trailer were thrown off onto him, inflicting injuries upon him which caused his death in two days thereafter; that at all the times mentioned defendant Thurman was operating such truck and trailer and the same were exclusively under his personal control.

The several acts of negligence alleged by plaintiffs as having been committed by Thurman constituting the proximate cause of the injury and death of Chandler are:

(a) That said truck and trailer were defective at the time the deceased was invited to ride to Edna, Tex., and return, with said H. C. Thurman, and that H. C. Thurman knew such fact, or by reasonable investigation should have known same.

(b) That the defect in said truck and trailer was in the hub cap on the right rear wheel

which held the right rear wheel onto said trailer, which defect permitted the wheel to come off.

(c) That H. C. Thurman was guilty of negligence in operating such truck and trailer, which was a commercial motor vehicle, at a rate of speed of more than twelve miles per hour when same was loaded with a cargo of more than eight thousand pounds.

(d) That H. C. Thurman was negligent in operating such truck and trailer when he knew, or should have known, that said trailer was in such defective condition that the wheel would come off.

(e) That H. C. Thurman failed to extend to the deceased the care required of him by law, in not having said truck and trailer in safe condition.

(f) That H. C. Thurman was negligent in operating such truck and trailer at an unlawful rate of speed while in such condition.

The plaintiffs alleged that each of such acts of negligence was a proximate cause of the injury to J. Henry Chandler, which caused his death; that at the time of his death deceased had an earning capacity of $2.50 per day for six days out of each week, or for the three hundred thirteen days in each year, and that his expectancy was approximately thirty-seven years; that by reason of his injury and death the plaintiffs were *deprived of his support and maintenance* during such period of time, to their damage in the sum of $27,-100, of which amount Mrs. J. Henry Chandler alleged she was entitled to receive $17,000, and Marion Edward to $5,000, and Dorothy Marie to $5,100.

Plaintiffs alleged that the Hartford Accident & Indemnity Company, on May 8, 1930, issued its policy of liability insurance in the amount of $5,000 to one John Presley, by which it agreed to pay any and all damages which might occur by reason of personal injury or *death* to the extent of $5,000 for one death caused through the operation of the Ford truck and trailer involved in the suit; that such policy was issued in compliance with the Motor Transportation Act passed by the Forty-First Legislature of Texas; that H. C. Thurman was operating his truck by virtue of such act as a commercial motor vehicle; that such truck was sold and transferred by Presley to H. C. Thurman on the 7th day of August, 1930, and that said insurance policy was transferred to him on the 8th day of August, 1930, and that he was operating such truck and trailer as a commercial motor vehicle at the time J. Henry Chandler was injured; and that under the law and the terms of the policy the indemnity company is obligated and bound to pay to plaintiffs the sum of $5,000.

Each of the defendants filed separate pleas in abatement, alleging in substance, that the suit brought against the insurance company was prematurely brought and should be abated because of certain specific terms of the policy set out in the pleas in abatement. The pleas in abatement were overruled by the court, to which the defendants, and each of them, excepted.

Each of the defendants filed separate answers containing general demurrer, special exceptions leveled at the joinder of the insurance company in the suit, general denial, and pleas of contributory negligence.

The pleas of contributory negligence were, in substance, that the deceased was guilty of contributory negligence in:

(a) Riding outside of the cab and on the running board.

(b) In failing to hold securely to the places provided therefor while riding on the running board.

(c) In voluntarily and of his own free will jumping off the truck while it was in motion after the wheel of the trailer came off.

(d) In failing to heed the warning of the defendant Thurman not to jump off the truck.

(e) In failing to warn or protest to Thurman against the speed at which the truck was being operated.

(f) In continuing to ride on the truck with full knowledge of the speed at which it was being operated.

By supplemental petition plaintiffs set up several exceptions to defendants' answers, and by way of reply to such answers alleged that H. C. Thurman was negligent in operating such truck and trailer in a defective condition, and that such truck was a dangerous agency, and that it was negligence to operate it while in such defective and dangerous condition. They also alleged that if the deceased jumped from the truck that he did so through no fault of his own; that he did so at a time when his mind was in such a state of fright or terror as to render him incapable of acting with ordinary care and prudence, which condition was caused by the sudden breaking down of said truck and trailer as the result of the negligence of H. C. Thurman.

The court overruled the pleas in abatement, demurrers, and exceptions of all the parties.

The cause was tried before a jury upon special issues, in answer to which the jury found as follows:

"(a) That the injuries to J. Henry Chandler were not the result of an unavoidable accident.

"(b) That H. C. Thurman, before the happening of the event in which J. Henry Chandler was injured, knew of a defective condition in the right rear wheel of the trailer, or, by the exercise of ordinary care, could have known of such condition.

"(c) That the driving of said truck by the

defendant, H. C. Thurman, knowing the condition said trailer wheel was in, was negligence on his part.

"(d) That such negligence on the part of H. C. Thurman was a proximate cause of the injuries of J. Henry Chandler.

"(e) That H. C. Thurman was negligent in the operation of said truck and trailer at the rate of speed to which same was driven, and loaded as same was loaded at the time and on the occasion in question.

"(f) That such negligence on the part of H. C. Thurman was a proximate cause of the injuries sustained by J. Henry Chandler.

"(g) That J. Henry Chandler was the invited guest of the defendant, H. C. Thurman, on the trip to and from El Campo to Edna.

"(h) That J. Henry Chandler was negligent in riding outside the cab on the running board of the truck.

"(i) That such negligence was not a proximate cause of the injuries to J. Henry Chandler.,

"(j) That J. Henry Chandler did not, of his own free will and voluntarily, jump off of said truck at the time in question.

"(k) That J. Henry Chandler could not have, by the exercise of ordinary care, held to a place or places available on said truck.

"(l) That such failure or inability was not negligence on the part of J. Henry Chandler.

"(m) That J. Henry Chandler failed to warn or protest, to the driver of such truck, against the speed at which said truck was being driven.

"(n) That such failure was not negligence on the part of J. Henry Chandler.

"(o) That J. Henry Chandler was negligent in continuing to ride on said truck at the time of, and on the occasion in question, at the rate of speed at which the said truck was being operated.

"(p) That such negligence was not a proximate cause of the injuries sustained by J. Henry Chandler.

"(q) That Mrs. Chandler was entitled to One Thousand ($1000.00) Dollars, and the children were each entitled to Twenty-Five Hundred ($2500.00) Dollars."

Before the entry of any judgment in the case, the parents of deceased, J. Henry Chandler, presented for filing and action of the court a disclaimer of any interest, right, or "claim for cause of action against defendants" in the pending cause as the result of the death of their son, J. Henry Chandler, caused by the negligence of defendant H. C. Thurman. They recite in such disclaimer that any rights that they may have or had to any claim against defendants by reason of the death of their said son had been relinquished to the children of the deceased,

J. Henry Chandler, who were plaintiffs' in the cause.

Upon the verdict of the jury, the evidence, and upon the disclaimer and declaration of transfer of the parents of J. Henry Chandler, the court rendered and caused to be entered the following judgment:

(1) In favor of the plaintiff Mrs. Chandler for $1,000 against the defendant H. C. Thurman;

(2) In favor of the plaintiff Marion Edward Chandler for $2,500 against H. C. Thurman;

(3) In favor of plaintiff Dorothy Marie Chandler for $2,500 against H. C. Thurman;

(4) In favor of all the plaintiffs against the Hartford Accident & Indemnity Company for the sum of $5,000, upon its contract of insurance;

(5) That it appearing to the court that John Chandler and Lillie Chandler, father and mother of J. Henry Chandler, deceased, had filed "a disclaimer of any right, title, interest, or claim in the cause of action sued for," it was ordered and decreed that defendants Thurman and indemnity company "recover as against John Chandler and Lillie Chandler on their disclaimer, and that such parties be forever precluded from claiming any further right, title, interest, or claim against defendants by reason of the death of J. Henry Chandler."

It was further decreed that when the $5,000 adjudged against the indemnity company is paid, such payment should be credited proportionately upon the judgments rendered in favor of each of the plaintiffs against the defendant H. C. Thurman.

From the judgment so rendered and entered, both defendants have appealed.

It is made to appear from the record that appellants asked the court to submit an issue of unavoidable accident, and to which appellees objected, they insisting that no such issue was raised by the pleadings or the evidence; that the court overruled the objection of appellees and submitted issue No. 1, reading as follows: "Do you find from a preponderance of the evidence that the injuries sustained by J. Henry Chandler at the time of and on the occasion in question were the result of an unavoidable accident, as that term has been defined to you herein?"

Appellants objected to such issue as submitted and requested the court to submit the following in lieu thereof: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by Henry Chandler at the time of, and on the occasion in question, were not the result of an unavoidable accident as that term has been defined to you herein?"

The court refused to submit the requested issue. Appellants contend that the court

erred in overruling their objection to the issue as submitted and in not submitting their requested issue, insisting the issue as requested by them was clearly raised by the evidence and that such requested issue properly placed the burden of proof upon the plaintiffs, which the issue as submitted did not do.

■ In cases of the character of the one in controversy, the rule is that, unless there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of the defendant, happened from some unknown cause, or in a manner which cannot be explained, or under the circumstances different from those relied on in constituting a part of plaintiff's case, and which circumstances rebut the charge of negligence for which the defendant is alleged to be responsible, then it is not incumbent upon the trial court to submit the issue of unavoidable accident as a defense, in addition to a proper submission of the issues of negligence and contributory negligence as to all parties to the suit. Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 280 S. W. 887; Northern Texas Traction Co. v. Armour & Co. (Tex. Civ. App.) 290 S. W. 544; I. G. N. Ry. Co. v. Hailey (Tex. Civ. App.) 9 S.W.(2d) 182; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108.

The issues of negligence and contributory negligence submitted to the jury excluded the theory of inevitable accident which could be urged under any of the facts proved. No testimony was introduced tending to show that the accident in the present case resulted from some unknown cause, or in a manner which cannot be explained, or by reason of circumstances different from those relied upon by the parties as constituting negligence of the defendant Thurman, or contributory negligence of the deceased, or the combined negligence of both.

■■ It is elementary that an issue should not be submitted to the jury when there are no facts in the case raising such issue. It is equally so that an issue submitted without evidence to support such is surplusage, and if such issue is erroneously submitted the form of its submission is immaterial. The question as to whether or not an unavoidable accident is in the case depends entirely upon the evidence. In the case at bar, the undisputed testimony shows that the incident occurred as was pleaded by the plaintiffs. The undisputed testimony further shows that the trailer was defective before the incident which caused the injury to the deceased, and that the defendant H. C. Thurman knew of its defective condition. The undisputed testimony shows that every witness testifying knew and explained exactly how the deceased was injured, and such being true, there was no unknown or unexplainable cause for the accident.

The accident which resulted in the death of J. Henry Chandler occurred on a trip from Edna in Jackson county to El Campo in Wharton county. The undisputed evidence shows that the truck upon which deceased was riding and from which he fell to his death was owned by defendant H. C. Thurman, who was on the occasion in question the driver of the truck, occupying the driver's seat with two other parties. On such trip a Miss Madden was riding on the right-hand fender, and Mrs. H. C. Thurman, wife of defendant Thurman, was riding on the left-hand fender, both holding to a headlight on their respective sides of the truck. One of the party of seven who were riding on the truck, a man, was standing on the running board on the left-hand side of the truck, and the deceased was standing on the right-side running board. The trailer attached to the truck was loaded at the time with 20 uncompressed bales of cotton, weighing approximately 500 pounds each. The truck and trailer were known as a Ford truck and trailer. The truck weighed about 3,900 pounds. At the time of the accident the truck was being driven at a rate of speed of 15 to 20 miles an hour. It was shown that as the truck traveled at the speed stated the rear wheel on the right side of the trailer came off and the axle dropped to the ground, which caused the truck to lean to the right and to stop suddenly. By reason of such leaning and stopping the deceased was thrown from his position on the truck and some of the cotton was thrown upon him, causing his death. H. C. Thurman knew before loading the truck and at the time he invited deceased to ride with him that the wheel that came off was defective. He had had trouble with it before, as the nut that is to hold the wheel on would not hold because the threads were bad. He told witness McDonald that some one in Houston had worked on the truck; that he and the man who worked on it were not satisfied with the job and they both intended to have it fixed later. Defendant Thurman testified that he had the truck and trailer greased in Houston at Scott's Service Station on the morning of the day of the accident in question, or on the day before, and that Mr. Scott told him that the trailer didn't look like it was a very good trailer to carry a load on.

As already shown, the jury found that the deceased was guilty of negligence in riding outside the cab on the running board of the truck, but that such negligence was not a proximate cause of the injuries to deceased.

Appellants here contend that the trial court erred in not rendering judgment for them, as the evidence shows that the negligence of

the deceased, found by the jury, was a proximate cause of his injuries as a matter of law. They also contend that if they are in error in the first contention, then the judgment rendered should be reversed · and the ·cause remanded, in that it is shown by the great weight of the evidence that the negligence of the deceased was a proximate cause of and contributed to cause his injuries.

We overrule both contentions. We are not prepared to hold that the findings of the jury that the negligence of deceased in riding on the running board of the truck was not a proximate cause of his injuries was unsupported by the evidence. Deceased was not bound to anticipate the possibility of the rear wheel of the trailer coming off, since it was not shown that he knew that the trailer was defective. That deceased was imprudent and negligent in riding on the running board of the truck, as found by the jury, may be conceded; but such a concession is not a concession that such negligent act was a proximate cause of his injuries.

The burden was upon appellants to show that the negligent act of deceased was a proximate cause of his injuries. We agree with appellees in their contention that a showing that deceased was riding on the running board of the truck with his head inside the cab cannot be said to show that he was in the most dangerous position of the four persons who were riding outside the cab of the truck. As a fact, deceased did happen to occupy a position on the truck that proved to be dangerous, not specially because of any fault of his, but because of the negligence of defendant Thurman.

Where there is uncertainty as to the existence of negligence contributing to an injury, the question is not one of law but of fact, which is to be settled by the trial jury or judge, and this is true whether the uncertainty arises from a conflict in the testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them. Paris & G. N. Ry. Co. v. Stafford (Tex. Civ. App.) 36 S.W.(2d) 331; Dallas Ry. Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318; Salter v. Ry. Co. (Tex. Civ. App.) 285 S. W. 1112; Texas & Pacific Ry. v. Rodgers (Tex. Civ. App.) 42 S.W.(2d) 486.

As already stated, the court permitted the parents of the deceased to disclaim any rights that they might have or had to any claim against the defendants by reason of the death of their son, after the jury had returned its verdict, and rendered judgment upon such disclaimer in favor of defendants against said parents.

Appellants complain of the action of the court mentioned and contend that the evidence shows that the parents were in part dependent on deceased, therefore the entry of the judgment against such parents, who were not parties to the suit before the verdict of the jury was rendered, does not protect defendants against another suit by such parents, nor against a suit by the minor plaintiffs to whom such parents had relinquished any and all rights they had, if any, in the subject-matter of the suit.

We overrule appellants' contention. The parents of the deceased, before judgment was rendered and entered in the cause, made themselves parties to the suit by filing therein a disclaimer and a written relinquishment of all claim, if any, they had against defendants, to the children of the deceased, and upon such disclaimer and relinquishment the court entered judgment which will forever bar such parents from any recovery against the defendants, or either of them, for the death of their son. In Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 110, 113, it is said: "We think, however, that Frank being a party to the suit by intervention, and having filed in the cause, after judgment and pending motion for new trial, a disclaimer in favor of his son, Anton Frank, Jr., the judgment is binding upon him, and that is all that defendant can require."

Pending the trial of the cause Mrs. Chandler, widow of deceased, as a witness testified as follows: "With the earnings my husband derived from the employment, he supported me and my children, my husband did not aid in the support of any other persons, nothing only his Father and Mother when his Father and Mother were come to see us, but they wasn't dependent·upon him at all. This Father and Mother did come to see us at times; they would stay with us for just a short visit, no time especially. I never did sign a statement about what I knew about the circumstances of this accident. This is my signature on the document you have just shown me; I signed this paper. I don't remember whether or not I read that paper over before I signed it."

Taking such testimony as true, the parents of the deceased were not dependent upon him for support, and therefore they had no cause of action against either of appellants and they therefore could pass to the children of their deceased son no such cause of action. St. Louis A. & T. Ry. Co. v. Taylor, 5 Tex. Civ. App. 668, 24 S. W. 975; Texas Central Ry. Co. v. Frazier (Tex. Civ. App.) 34 S. W. 664.

Under the facts shown the parents of the deceased would not be entitled to any recovery in the case, even though they had not filed their disclaimer, and since the judgment rendered was not and is not complained of by any of the plaintiffs, and since the suit was instituted by Mrs. Chandler in behalf of herself and as mother and next friend of the minor plaintiffs, the judgment in favor of the minor plaintiffs is a bar to any further recov-

ery by them by reason of the death of their father, even should it be conceded that the parents of the deceased had a cause of action by reason of such death which they had transferred to the minor plaintiffs before the rendition and entry of such judgment, the rendition and entry of which was with the acquiescence of the prosecutor of the suit in behalf of the minor plaintiffs.

Special issue No. 21 submitted by the court was as follows: "What amount of money, if paid now, do you find and believe from a preponderance of the evidence would reasonably and fairly compensate each of the plaintiffs for the loss of support and maintenance caused by the death of J. Henry Chandler? You will answer by stating such amount of money, if any, opposite the names of the respective plaintiffs, in the spaces provided therefor."

Appellants contend that the court erred in submitting such issue in the form it was submitted, for the following reasons:

(1) That by it the jury was permitted to find as a part of the plaintiffs' damages the grief, sorrow, and loss of companionship of the deceased suffered by them by reason of the death of the deceased.

(2) That by it the jury was given no guide or definition by which they might determine the proper compensation for loss or support and maintenance.

(3) That by it the jury was permitted to and it did award to the plaintiffs excessive damages, in that it failed to instruct the jury that no recovery could be had for grief, sorrow, and loss of companionship.

We overrule such contentions. The plaintiffs' pleadings are limited to a suit for loss of support and maintenance only, by reason of the death of the deceased. They sue for no other items of damage. They offered no evidence to prove any item of damage other than loss of support and maintenance. They did not even sue for doctors' bills, hospital and medical expenses. The court submitted to the jury as elements of damage the loss of support and maintenance only. The submission of the items of damage as submitted excludes from a consideration by the jury all items not submitted. Texarkana & Ft. S. Ry. Co. v. Frugia, 43 Tex. Civ. App. 48, 95 S. W. 563; El Paso Electric Ry. Co. v. Carruth (Tex. Civ. App.) 208 S. W. 984; Guitar v. Wheeler (Tex. Civ. App.) 36 S.W.(2d) 325, 329.

The court submitted to the jury the following issue: "Do you find from a preponderance of the evidence that the defendant H. C. Thurman was negligent in the operation of said truck and trailer at the rate of speed at which same was driven and loaded as same was loaded at the time and on the occasion in question?"

Appellants contend that the court erred in submitting such issue, insisting that there was neither evidence to support a finding that H. C. Thurman was guilty of negligence in driving the truck in question, as loaded, at a rate of speed of 15 or 20 miles per hour under the surrounding circumstances, nor to support a finding that such negligence was a proximate cause of the death of the deceased.

There is no merit in such contention. We have hereinbefore set out the evidence which we think would support the finding of the jury that Thurman was negligent in operating his truck and trailer as loaded at the rate of speed shown, and that such negligence was a proximate cause of the death of the deceased. The evidence shows that Thurman knew that the truck was defective. The pleadings of the plaintiffs were sufficient to authorize the submission of the issue complained of. Cannan v. Dupree (Tex. Civ. App.) 294 S. W. 298, 300.

In the case cited it is said: "An automobile driver owes his invited guest 'ordinary care' as defined above. It would have been on the weight of evidence to have included, as insisted, the words, 'not to increase the danger of one riding by invitation, by fast and reckless driving.' Fast driving or reckless driving, even though not exceeding the statutory limit of speed, may be evidence in a given case which bespeaks failure to exercise 'ordinary' or 'reasonable care' in the operation of an automobile."

Whether Thurman was guilty of negligence in operating his truck and trailer at the rate of speed he was operating it as it was loaded and with knowledge on his part of its defective condition, considering all the facts and circumstances shown, was a question for the determination of the jury, which was determined adversely to appellants.

The court submitted to the jury special issues Nos. 2 and 3, reading as follows:

"Do you find from a preponderance of the evidence that the defendant H. C. Thurman, before the happening of the event in which J. Henry Chandler was injured, knew of a defective condition, if same existed, in the right rear wheel of the trailer, or, by the exercise of ordinary care could have known of said condition?"

"Do you find from a preponderance of the evidence that the driving of said truck by the defendant H. C. Thurman, knowing the condition said trailer wheel was in, if he did know same, or could have by the exercise of reasonable care known such condition, was negligence on his part?"

We overrule appellants' contention that such issues, or either of them, were multifarious or upon the weight of the evidence, and that the submission of such issues con-

stitutes reversible error. That there existed a defect in the right rear wheel of the trailer attached to the truck was shown by indisputable evidence, and the undisputed evidence shows that H. C. Thurman had notice of such facts as would charge a person of ordinary care and prudence with knowledge that the rear wheel of the trailer was defective. If, therefore, the issues complained of were erroneously submitted, such error was harmless.

Appellants in their original brief assign the action of the court in overruling their pleas in abatement as error, but in such brief such assignment is neither considered nor discussed. There is no proposition, statement, or argument relative to such assignment. Under such circumstances, we are of opinion that the assignment is not entitled to a consideration at our hands. However, we find that plaintiffs brought their suit upon the policy of indemnity issued by the indemnity company, wherein and whereby said company agreed to pay any and all damage by reason of personal injury or *death* to the extent of $5,000 for one death, caused through the operation of the truck in question.

After a careful examination and consideration of the pleadings and the evidence, we overrule appellants' complaint of the action of the court in overruling their pleas in abatement without further discussion.

We have discovered no reversible error in the trial of the cause and the result reached, and therefore the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant Hartford Accident & Indemnity Company has filed its motion for rehearing, and in view of the fact that it had by permission of the court filed its supplemental or reply brief whereby it argued and discussed its assignments 1, 3, 7, and 8, it justly complains of our statement that it had waived such assignments.

Believing that appellant is now entitled to have us consider such assignments, we shall now proceed to do so.

By such assignments appellant insists that the trial court erred in not dismissing it from the suit upon its plea in abatement, wherein it was alleged that the suit as against it was prematurely brought: First, because at the time such suit was brought and at the time of the trial no judgment had been rendered against the insured, and therefore, under the terms of its policy, no cause of action existed against it; and, second, because it was shown on the face of plaintiff's petition that the joinder of appellant as a party defendant was not authorized, in that said petition shows that the suit against it was prematurely brought.

We overrule the assignments.

For authority to sustain its contention appellant relies upon the decision in Bilbo v. Lewis (Tex. Civ. App.) 45 S.W.(2d) 653. In its brief it says that the proposition advanced was distinctly novel; that prior to the rendition of such decision there had been no decision either way on the particular point involved; that the Bilbo Case is the only one which counsel for appellant has been able to find dealing with the precise problem here involved.

We agree with appellees in saying: "An inspection of that case will show that the plaintiffs in that suit did not sue upon the policy as being one for the benefit of the plaintiffs and wholly relied upon the provisions of the statute as grounds for their recovery. Under the pleadings in that case, the plaintiffs were held to not be entitled to keep the insurance company in the suit. The case at bar is considerably different from that case, because in the case at bar the plaintiffs sued the insurance company upon its contract as well as under the provisions of the statute."

In the Bilbo Case the insurance company was not sued upon the policy. The court upon motion for rehearing said that the judgment of the court was without prejudice to the plaintiff's right to sue the insurance company direct upon its policy.

The policy in the present case, among other things, in effect provides that the insurer will pay within the limits of $5,000 any loss by liability imposed by law upon the assured for inflicting injury or death upon another by means of the use of the truck in question. By such policy the insurer agrees to defend, in the name of assured, any suit alleging bodily injury or death by means of the machine in question. It is substantially provided by the clause designated as "H" (bankruptcy clause), that the company, the insurer, is bound, to the *extent of its liability under the policy, to pay and satisfy any judgment that may be recovered against the assured or other persons upon a claim covered* by the policy; that the company is bound to the extent of its liability under the policy to pay and satisfy such judgment as might be rendered against the insured, and that an action may be maintained upon such judgment by the injured person, or his or her heirs, to enforce the liability of the company as in the policy set forth; that the bankruptcy or insolvency of the assured shall not release the company from the payment of damages for injuries or *death* sustained, or loss occasioned within the provisions of the policy.

We think appellant the insurance company was properly joined in the suit and that the court did not err in so holding.

Under the laws of this state dual suits

should always be avoided whenever all parties can have a fair trial when joined in one suit. While it is true that appellees could have first prosecuted their claim against Thurman to judgment and then have sued the insurance company on such judgment, had they so desired, the law does not make it imperative that they should do so. Under the law they are permitted to dispose of the whole matter in one suit. American Automobile Insurance Co. v. Struwe, (Tex. Civ. App.) 218 S. W. 534, 535.

In the case cited it is said: "The rule has often been announced in Texas that when two causes of action are connected with each other, or grow out of the same transaction, they may be properly joined, and in such suit all parties against whom the plaintiff asserts a common or an alternative liability may be joined as defendants. Clegg v. Varnell, 18 Tex. 294; Love v. Keowne, 58 .Tex. 191; Jones v. Ford, 60 Tex. 127; National Bank v. Texas Investment Co., 74 Tex. 421, 12 S. W. 101; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063. Even if appellants had presented any plea in abatement as to joinder of damages arising from a tort with those arising from a contract, it could not, under the facts of this case, be sustained, for the rule is that a suit may include an action for breach of contract and one for tort, provided they are connected with each other or grow out of the same transaction. Peoples v. Brockman [Tex. Civ. App.] 153 S. W. 907."

In Texas Landscape Company v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, 425, it is said:

"So it appears that the assured does not have to pay the judgment first and then sue the insurance company for reimbursement; but the insurance company agrees 'to pay and satisfy judgments rendered against the assured' in the first instance. As soon as the judgment is rendered against the assured, the insurance company is bound under its policy to pay and satisfy the judgment. The policy clearly contemplates and provides that the payment will be made by the insurance company directly to the injured party, and provides for the payment whether assured has become a bankrupt or not, whether solvent or insolvent.

"The right of appellees to sue the insurance company is not merely based on the insolvency clause, but upon the clause which expressly and unequivocally obligates the insurance company 'to pay and satisfy judgments rendered against the assured in legal proceedings defended by the Corporation and to protect the assured against the levy of executions.' Clearly the entire policy inures to the benefit of injured persons, who have the right to enforce its terms, so that the insurance company may be compelled to do what it has contracted to do. This policy is for the benefit of injured persons as well as for the assured, and the plaintiffs committed no error in making the insurance association a party to this suit."

For other cases supporting our conclusions and holding, see American Fidelity & Casualty Co. v. Williams (Tex. Civ. App.) 34 S.W.(2d) 396; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413.

It is clear, we think, that the courts of this state have rejected the contention that an insurance company may not be joined in a suit of the kind of the present one, because, under the terms of the policy, it can be held liable only in the event judgment is rendered against the assured.

Appellant's motion for rehearing is in all things refused.

Refused.